IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jerome L. RINZEL, Attorney at Law.

Supreme Court

*No. 81–016–D. Filed June 2, 1982.*
(Also reported in 319 N.W.2d 873.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On January 6, 1981, the Board of Attorneys Professional Responsibility filed a complaint alleging four counts of unprofessional conduct against Jerome L. Rinzel, an attorney licensed to practice law since 1958 and who practices in Milwaukee county. It was alleged that the respondent handled a personal injury matter incompetently, neglected it and improperly delayed the prosecution on a legal malpractice claim against him by his clients by asserting improper defenses and third-party complaints against their successor counsel, all in violation of SCR 20.32 and 20.36(1)(a), (b). In the second count it was alleged that the respondent neglected legal matters on behalf of a client, failed to keep him informed of a court decision in one of them, attempted to withdraw from employment without taking appropriate steps to avoid prejudice to the client's rights and without first complying with appropriate Wisconsin statutes, and in a subsequent legal malpractice action commenced against him by the client, attempted to delay the prosecution of that claim by asserting improper defenses and

third-party complaints against the client's successor counsel, in violation of SCR 20.16(1)(a), (b), 20.32 and 20.36(1)(a), (b).

Count three alleged that the respondent incompetently handled the sale of a client's residence and the acquisition of another residence, neglected the matters and improperly represented conflicting interests, namely, representing the client at the same time he and a corporation in which he had a substantial interest expected to be the buyer, all in violation of SCR 20.24(1), 20.27(1), 20.28 (1) and 20.32. The fourth count in the complaint alleged that the respondent had access to approximately $28,000 belonging, at least in part, to a client and, through misrepresentations to the client, acquired those funds personally and under the guise that the funds were due him for legal services previously rendered to that client and that he refused to account for the funds, refused and neglected to provide the client with a statement of the actual charges due for legal services, did not notify the client when he withdrew approximately $19,000 of those funds from an account to which he had access together with the clerk of courts for Waukesha county, and converted those funds to his own use, all in violation of SCR 20.04(4), 20.32(3), 20.50(1)(b) and (2)(a), (c), (d).

We referred the matter to the Hon. John A. Fiorenza as referee, pursuant to SCR 21.09(4). The Board filed an amended complaint, adding a fifth count of unprofessional conduct involving the respondent's incompetent handling and neglect of the representation of a client in an action he commenced in federal court in Illinois, resulting in a dismissal for lack of prosecution and a default judgment against his client on a counterclaim, which result he failed to timely communicate to his client, in violation of SCR 20.32. Subsequently, the Board filed a second amended complaint, adding to the original fourth count of unprofessional conduct the allegation

that in his dealings with the client involved, the respondent commenced an action against the United States government concerning a tax matter, failed to advise the client of the granting of the government's motion for summary judgment and awarding judgment in excess of $6,000 against the client for approximately 36 days, incorrectly advised the client that the judgment had not yet been entered and that the time to appeal from it had not begun to run, did not advise the client of the time within which he had to take an appeal from that judgment and attempted to withdraw from representation of the client without court permission and without taking appropriate steps to avoid prejudice to the client's rights, in violation of SCR 20.16 (1) (a), (b) and 20.32.

In his answers to the complaints the respondent denied each allegation of unprofessional conduct. After the referee disqualified himself from this proceeding and the Hon. William C. Sachtjen was appointed to succeed him, the Board and the respondent entered into a stipulation in lieu of a hearing in which the respondent admitted that he neglected the personal injury matter and handled it incompetently, in violation of SCR 20.321 (1) and (3), that he neglected the legal matter set forth in the second count, in violation of SCR 20.32 (1) and (3), and that he failed to follow the statutory procedure for withdrawal as counsel in another lawsuit commenced on behalf of the client, failed to send a copy of the court's decision in that matter awarding judgment against the client and failed to timely advise the client of his right to appeal or the time within which he had to appeal, in violation of SCR 20.16 (1) and 20.32 (1) and (3). The respondent also admitted that he handled the real estate matters incompetently and neglected them, such that the client incurred expenses substantially in excess of what would be reasonable charges in connection therewith, and that he arranged a transaction whereby a corporation in

which which he personally held a one-half interest would acquire the client's property with a substantial portion of the purchase price being in the form of a $25,000 note from the respondent's other client and business partner which the respondent neglected to have properly collateralized, in violation of SCR 20.28(1) and 20.32(1) and (3). The respondent admitted the allegations contained in the fourth count, which constituted violations of SCR 20.32(1) and (3), 20.34(2)(e) and 20.50(1)(b) and (2)(a) and (c), and the allegations contained in the fifth count, which constituted a violation of SCR 20.32 (1) and (3).

The referee filed his report and recommendation with the court on May 5, 1982, in which he made findings of fact and conclusions of law consistent with the terms of the stipulation. The referee recommended that the respondent's license to practice law in Wisconsin be suspended for six months, commencing July 1, 1982, and that he pay $9,000 toward the costs of the disciplinary proceeding.

By order of May 11, 1982, we stated that we would approve the referee's recommendation for discipline and order that the respondent pay the actual costs of this proceeding, provided the Board furnish satisfactory information that the matter of the respondent's withdrawal of approximately $19,000 from the escrow account had been properly accounted for and that the matter had been resolved between the respondent and his client. On May 24, 1982, the Board filed a letter stating that the respondent had served and filed an accounting of legal services rendered on behalf of the client which purported to show that the client owed the respondent approximately $35,000. That letter also indicated that the client agreed that he owed the respondent something for legal services, but it stated that the respondent and the client have not resolved their differences.

We hereby adopt the findings, conclusions and, with modification, the recommendation of the referee.

It is ordered that the license of Jerome L. Rinzel to practice law in Wisconsin is suspended for a period of six months, commencing July 1, 1982.

It is further ordered that Jerome L. Rinzel pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $10,-912.65 on or before January 1, 1983.

It is further ordered that a petition for the reinstatement of the license of Jerome L. Rinzel to practice law in Wisconsin shall not be considered unless it is accompanied by satisfactory evidence that the matter described in count four of the complaints in this proceeding has been resolved and that the money withdrawn by the respondent from the escrow account has been properly accounted for.