In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST William J. MEUER, Attorney at Law.

Supreme Court

*No. 81-1784-D. Filed July 2, 1982.*
(Also reported in 321 N.W.2d 301.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On September 21, 1981, the Board of Attorneys Professional Responsibility filed a complaint with the court alleging unprofessional conduct against William J. Meuer, an attorney licensed to practice law in 1959, and who practices in Madison. It alleged that in December of 1971, the respondent deposited the proceeds of a settlement in a personal injury matter into his trust account and drew two checks thereon, one payable to his client,

the other payable to himself. After the respondent cashed the latter, there were insufficient funds in the account to pay the former. While still acting as attorney for the client, the respondent solicited and obtained an agreement from the client to lend the respondent $30,-000 of the settlement proceeds, for which the respondent gave the client three promissory notes with varying maturities and interest rates. The respondent had the client endorse the check previously written on the trust account, and he then wrote a check on his personal account payable to the client in the amount of the remaining balance of the settlement proceeds.

The promissory notes given by the respondent for the loan were unsecured, and the respondent did not give the client a financial statement, nor did he advise him to seek separate legal counsel with regard to the loan transaction or explain to the client the risks involved. The first two notes were never paid but were renewed by additional notes in January of 1978. On December 17, 1979, the respondent filed a petition for a chapter 13 bankruptcy proceeding in federal district court, as a result of which the client's recovery on his claim of some $23,000 is and will be limited to $231. The complaint alleged that the respondent's conduct in this matter violated SCR 20.23(2)(b), 20.27(1), 20.48 and 20.50.

We referred the matter to the Hon. Franklin W. Clarke as referee pursuant to SCR 21.09(4). In his answer filed on October 7, 1981, the respondent stated that he no longer maintains an office for the practice of law. He further alleged that the insufficient balance in his trust account was the result of a bookkeeping oversight and that the check made payable to the client and endorsed by him was returned to the respondent and became the basis of the loans. While he admitted that two of the notes were never paid, he alleged that interest on all three notes was paid annually for approximately five

years. As to the filing for bankruptcy, he alleged that there was never an intent to default on the loans and that he was unable to make repayment as a result of personal, family and physical problems. He stated that his doctor advised him to close his legal practice and remain under medical care for an indefinite period of time.

The referee filed his report and recommendation on April 12, 1982, in which he made findings of fact consistent with the allegations of the complaint. He found that the respondent's self-interest in the loan transaction with his client conflicted with the client's interest and that he did not make full disclosure of the transaction to the client. The referee concluded that the respondent's conduct violated SCR 20.23(2)(b) and 20.27(1). The referee noted that the client has accepted the respondent's offer to make restitution according to specified terms and that both the client and his present attorney ask that the respondent's license to practice law not be suspended and that he be permitted to return to practice as soon as medically permissible in order to ensure that the restitution be made.

The referee expressed his opinion that any discipline short of suspension of the respondent's license would not serve the purposes of lawyer discipline. He noted that the respondent did not appear to be convinced that he did anything wrong in this matter, and he expressed his belief that other attorneys would not be deterred from borrowing from clients under similar circumstances if appropriate discipline were not imposed. The referee recommended that the respondent's license be suspended indefinitely and that he be permitted to apply for reinstatement of his license after one year, provided the Board certifies that he is physically and mentally fit to practice law and that he has paid the costs of this proceeding.

We adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of William J. Meuer to practice law in Wisconsin is suspended effective the date of this order and until further order of the court.

It is further ordered that the respondent may not petition for reinstatement of his license to practice law in Wisconsin for a period of one year from the date of this order and then only upon certification by the Board of Attorneys Professional Responsibility that the respondent is physically and mentally fit to practice law and that he has paid the costs of this proceeding to the Board of Attorneys Professional Responsibility in the amount of $1,994.92.