IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Allan F. GLASSCHROEDER, Attorney at Law.†

Supreme Court

*No. 81–2055. Submitted on briefs June 2, 1983.—Decided July 1, 1983.*
(Also reported in 335 N.W.2d 621.)

For the appellant, Allan F. Glasschroeder, there were briefs by *Michael F. Hupy* and *Hausmann, McNally & Hupy, S.C.,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *David J. Cannon* and *Michael, Best & Friedrich,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

This is an appeal by the respondent-appellant, Allan F. Glasschroeder, from the report of the referee recom-

† Motion for reconsideration denied, with $50 costs, on August 9, 1983. BABLITCH, J., took no part.

mending that the appellant's license to practice law in Wisconsin be revoked for having appropriated for his own use in the course of his professional employment monies belonging to a client without the consent of that client and for having uttered as genuine a forged check. The referee also recommended that the appellant be required to pay all costs of the disciplinary proceeding and that, in the event he subsequently seeks reinstatement of his license, he prove that he has repaid the funds which he misappropriated or has made adequate plans for repayment.

The only issue raised in this appeal is whether revocation of the appellant's license to practice law is appropriate discipline under the facts and circumstances of this case. We believe that it is.

The facts underlying the disciplinary action, which are undisputed, disclose that during the period from March 21, 1978 to August 19, 1980, the appellant, who was admitted to practice law in Wisconsin in 1972, and who practiced in Milwaukee, appropriated for his own use the sum of $90,306.36 belonging to his client, the Willow Creek Home Owners Association, without its consent and that on or about June 25, 1980, the appellant uttered as genuine a forged check, knowing it to have been falsely made. The appellant was charged and found guilty of violations of secs. 943.20(1)(b) and (3)(c) and 943.38(2), Stats., and judgment of conviction on one count of theft and one count of forgery was entered in circuit court for Milwaukee county on July 9, 1981.

Our rules governing enforcement of attorneys professional responsibility define attorney misconduct to include conduct which violates a criminal statute if the violation involves moral turpitude. SCR 21.05(1). The appellant does not challenge the referee's conclusion that the conduct for which he was convicted constitutes at-

torney professional misconduct. His only challenge on appeal is to the referee's recommendation that his license to practice law be revoked.

This disciplinary proceeding commenced with the filing of a complaint by the Board of Attorneys Professional Responsibility (Board) on October 5, 1981, alleging the fact of the appellant's conviction and the facts on which that conviction was based. The appellant filed an answer and affirmative defense to that complaint in which he did not deny the allegations of the complaint but affirmatively stated that at the time of the acts alleged, his judgment "was impaired by the use of alcohol and the conduct which he engaged in, in part, was caused by the coercion of third persons." He subsequently filed an amended answer and affirmative defense again not denying the allegations of misconduct but rephrasing his affirmative defense to state that at the time of the acts alleged he "suffered from mental illness or disease, alcoholism, which at the time impaired his judgment, but no longer impairs his judgment." In that amended answer he reiterated that his conduct, in part, was caused by coercion and threats of third persons to do bodily harm to himself and his family.

On November 3, 1981, four days after the respondent's original answer and affirmative defense was filed, the Board filed a petition with the court requesting that the appellant's license to practice law be summarily suspended, pursuant to SCR 11.03,[1] based upon his con-

---

[1] SCR 11.03 provides, in pertinent part: "(1) SUMMARY SUS-PENSION. Upon receiving satisfactory proof that an attorney has been convicted of a serious crime, the supreme court may summarily suspend the attorney, pending final disposition of a disciplinary proceeding, whether the conviction resulted from a plea of guilty or no contest or from a verdict after trial, and regardless of the pendency of an appeal.

viction following his guilty plea and his sentence of two years in the House of Correction and four years' probation. The court ordered the summary suspension of the appellant's license to practice law on November 4, 1981, pending final disposition of the disciplinary proceeding.

The appellant subsequently filed affidavits with the court intending to show that summary suspension of his license was neither necessary nor appropriate. In those affidavits he argued that he had no funds to maintain the disciplinary action, that he had undergone extensive rehabilitative treatment for alcoholism, that at the time of the alleged misconduct he was drug dependent, that he did not intend to reopen his law office but rather to represent the needy and that the summary suspension of his license was unconstitutional for the reason that SCR 11.03 does not allow an opportunity to be heard, permits an arbitrary basis to be used for the imposition of discipline and violates express public policy against discrimination because of criminal convictions.

By order of November 25, 1981, we deemed the affidavits to constitute a motion for reconsideration of our summary suspension order, and we ordered that the appellant and the Board file memoranda or briefs within 10 days on the issue of the summary suspension, including constitutional issues, if any. In his memorandum, the appellant argued that the summary suspension of his license was unconstitutional solely on the ground that

"(2) SERIOUS CRIME, DEFINITION. The term 'serious crime' means a felony or any lesser crime which, in the opinion of the court, reflects upon the attorney's fitness.

". . .

". . .

"(5) PROOF OF GUILT. In any disciplinary proceeding instituted against an attorney based on a conviction, the certificate of his or her conviction shall be conclusive evidence of his or her guilt of the crime of which he or she was convicted."

he was given neither notice nor opportunity to be heard in the matter prior to the suspension. Because the summary suspension was based on the appellant's conviction of two criminal violations and upon the Board's allegations of facts upon which those convictions were based, allegations which the appellant did not deny in his responsive pleadings to the Board's complaint, the appellant's contention was without merit, and by order of December 14, 1981, we denied his motion for reconsideration.

In this appeal the appellant attempts to raise an additional constitutional issue, namely, that the summary suspension of his license to practice law in effect deprived him of the opportunity to present in the context of the disciplinary proceeding evidence of his rehabilitation, that is, that the continued practice of law following his conviction would not constitute a danger to the public. This argument is patently frivolous and not deserving of further comment.

We referred the disciplinary matter to the Honorable John A. Fiorenza, Reserve Judge, as referee, pursuant to SCR 21.09(4). At the hearing held on November 15, 1982, the appellant stipulated to the truth of all allegations in the complaint and elicited testimony from various witnesses concerning his alcohol and drug addiction. Those witnesses testified to their belief that the appellant has made great progress and that he has the alcohol and drug addiction under control to the extent that it will not affect his professional decisions in the future.

In his report, the referee noted that it was evident to him that the appellant had made "great inroads" in solving his addiction problems. Notwithstanding, the referee recommended that the appellant's license be revoked, that he pay the costs of the proceeding and that actual or adequately planned reimbursement of his client be made a condition of his subsequent reinstatment. That

recommendation, the referee stated, was based on ". . . the long period of time that the Respondent misappropriated the funds of his client, and further the large amount of funds involved . . . ."

In his brief on appeal, the appellant argues that, because he has been rehabilitated with respect to his alcoholism and drug dependency and has agreed to specific restrictions of his own devise on his continued practice of law, his continuing to practice would cause no danger to the public, to the courts or to the legal profession. In support of his claim of rehabilitation he cites testimony given at the disciplinary hearing which, in his words, "conclusively proved that [his] drug dependency was a handicap which caused impaired judgment but that as a result of several rehabilitation programs and a determined effort on his own part to change his life style and to make restitution, [he] is now fit to engage in the practice of law." Those testifying as to his rehabilitation were two therapists employed in the After-Care Unit of Elmbrook Hospital, of which the appellant was a patient, a salesman who was a member of the appellant's Alcoholics Anonymous group and a physician who serves as director of the DePaul Impaired Professionals Program and who began working with the appellant in August of 1982 on a two-year program of rehabilitation. Each of these witnesses testified to the significant progress the appellant has made in overcoming his alcoholism and drug dependency, but only the physician testified as to his present capacity to practice law, saying, "Mr. Glasschroeder is not mentally or physically impaired and if he is otherwise prepared to practice law, I see no reason why he can't practice law."

The appellant further argues that if his license to practice law is not revoked, the public, the courts and the legal profession will be protected by virtue of the fact that he is continuing to participate in programs designed to maintain his rehabilitation. His final argument is that

the referee's recommendation of license revocation is clearly contrary to the unambiguous language of SCR 21.03(5), which provides that discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts and the legal profession. It is the appellant's position that, because his continued practice of law does not present such a danger, the referee's recommendation, if adopted, would constitute punishment for his misconduct. In support of his argument he cites three recent disciplinary cases in which we imposed lesser sanctions for attorney misconduct involving, among other things, misappropriation of client funds. *Disciplinary Proceedings Against Rinzel*, 107 Wis. 2d 549, 319 N.W.2d 873 (1982); *Disciplinary Proceedings Against Penegor*, 104 Wis. 2d 133, 310 N.W.2d 796 (1981); *Disciplinary Proceedings Against Meuer*, 108 Wis. 2d 434, 321 N.W. 2d 301 (1982). However, each of those cases may be distinguished from this one on its facts.

Were this a medical incapacity proceeding in which it was shown that the attorney's practice of law had become a danger to the interests of clients and the public because of the attorney's medical condition, the issue of the appellant's medical rehabilitation would predominate. However, the overriding fact in this matter is that the appellant misappropriated a large sum of client money entrusted to him in his professional capacity, that he did so over a period of almost two and one-half years and that he uttered a forged check. The appellant states that evidence and testimony was submitted at the disciplinary hearing by competent authority "indicating that the Respondent's judgment had been impaired through drug dependence and that this impairment resulted in acts which, otherwise, would not have occurred." This is not correct; there was no testimony that the appellant's misconduct was causally related to his alcoholism or drug

dependency or that, had he not been an alcoholic and drug dependent, the misconduct would not have occurred.

The appellant also claims that his misconduct was the result of coercion and threats to himself and to his family. The appellant stated that he had received threats on his life and was the victim of extortion in the amount of "thousands of dollars." The facts, as they emerged at the disciplinary hearing, were that two clients who had retained the appellant to represent them in obtaining Social Security benefits became impatient with his disbursement to them of those benefits, and they, or at least one of them, visited his office and threatened him with a gun. There is nothing in the record to substantiate the appellant's claim that his misconduct was prompted by such "extortion." Rather, the appellant, when asked what caused him to take the client's money, answered, "I took the money for my personal use and I mean I have to accept responsibility for that."

In light of the nature and extent of the appellant's misconduct, we agree with the referee that the revocation of the appellant's license to practice law in Wisconsin is an appropriate sanction, and we believe it appropriate to make the revocation effective retroactively to November 4, 1981, the date on which we ordered the summary suspension of the appellant's license. However, we do not choose to impose conditions at this time on any subsequent petition for reinstatement of the appellant's license, preferring to deal with that issue at such time as it is presented to us.

IT IS ORDERED that the license of Allan F. Glasschroeder to practice law in Wisconsin is revoked, effective November 4, 1981.

IT IS FURTHER ORDERED that Allan F. Glasschroeder pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,465.73.

IT IS FURTHER ORDERED that the appellant's motion, filed on April 29, 1983, for the appointment of an attorney to supervise the appellant in his practice of law, in the event the court were to permit the appellant to continue to practice under supervision, is denied.