IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Verlin H. PECKHAM, Attorney at Law.

Supreme Court

*No. 82–1792–D. Submitted on briefs October 31, 1983.—*
*Decided November 30, 1983.*
(Also reported in 340 N.W.2d 198.)

For Verlin H. Peckham the cause was submitted on the briefs of *Larry I. Hanson, Allen A. Arntsen* and *Jenswold, Studt, Hanson, Clark and Kaufmann,* Madison.

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *Thomas J. Basting,* Janesville.

*PER CURIAM.* *Attorney disciplinary proceeding; attorney's license suspended.*

Verlin H. Peckham, an attorney admitted to practice in 1962 and who practiced for many years in Madison and most recently in Poynette, appeals from Referee William C. Sachtjen's recommendation that his license be suspended for a period of six months for unprofessional conduct. Arguing that the misconduct was caused by his alcoholism, the appellant contends that the court should stay any suspension of his license for a one-year period and impose conditions on his continued practice of law, including his supervision by a practicing attorney. The referee also recommended that the court require the appellant to pay the costs of the disciplinary proceeding and to make restitution to one of his clients in the amount of $819.30. The appellant does not appeal from this recommendation.

On the basis of the testimony of witnesses at the disciplinary hearing, the referee found that the appellant was neglectful in his handling of his client's purchase of a home in 1981 and that he thereby violated SCR 20.32(3). After the closing, the client unsuccessfully made repeated attempts to contact the appellant to resolve a problem with an unpaid water bill pertaining to the property. The appellant failed to return his client's telephone calls and to respond to his inquiries concerning the matter. He also failed to respond to board inquiries into the matter, notwithstanding that at one point he requested and received an extension of time to answer the board's request for information.

In another matter, the appellant neglected and refused to account for $819.30 in client funds, despite repeated demands by his client for an accounting. The appellant admitted that he withdrew those funds from his trust account and paid them into his office account without accounting for them to the client. The referee concluded

that the appellant violated SCR 20.32(2) and 20.50 (2)(d).

In a third matter the appellant received a $225 income tax refund belonging to his client, deposited it into his office account rather than into his trust account, and issued a check to his client from his office account which was not honored because of insufficient funds. The appellant failed to respond to board inquiries concerning the matter. The referee concluded that the appellant's conduct violated SCR 20.50(2)(d), sec. 757.293, Stats., and SCR 22.07(2).

During the course of the disciplinary proceeding, the board conducted an audit of the appellant's trust account, which disclosed, in addition to the matters described above, discrepancies in two estates the appellant had handled. In those estates the appellant made payments to himself from his trust account for amounts in excess of the fees he was entitled to receive and which belonged to other clients. The appellant subsequently repaid the money to his clients from his own funds. The audit also disclosed that the appellant did not maintain a formal record of his trust account or a client ledger identifying receipts and disbursements relating to each client. The referee concluded that the appellant violated sec. 757.293 (1) and (2), Stats., and SCR 11.05(1) and (2).

Until the hearing on May 11, 1983, the only defense the appellant had alleged was that his failure to respond to board inquiries was the result of emotional problems resulting from a recent divorce and the move of his law practice to Poynette. He set forth this defense in both his original answer, filed on October 26, 1982, and his amended answer, filed on December 14, 1982. At the hearing he introduced testimony on the issue of his alcoholism in mitigation of his misconduct. A psychologist testified on his behalf that he first met the appellant in late October, 1982, that he has treated him since that

time and that he concluded that "his inappropriate behavior in his profession was a function of the alcoholism."

The appellant argues that any suspension of his license should be stayed because his misconduct was caused by his alcoholism. He distinguishes his case from *Disciplinary Proceedings Against Glasschroeder,* 113 Wis. 2d 672 (1983), where the court denied a request for a stay of suspension and revoked the attorney's license. Unlike the appellant, Glasschroeder misappropriated a large sum of client money over a long period of time and uttered a forged check, for both of which he was criminally convicted. Also, Glasschroeder did not present evidence that his misconduct was causally related to his alleged drug dependency.

The appellant contends that his recognition of his alcoholism and his efforts at rehabilitation render this case susceptible of a "new" discipline, one which has been recognized in other jurisdictions. He argues that the public can be adequately protected if the court conditions his continued practice on supervision by a practicing attorney, complete abstinence from alcohol, weekly attendance at Alcoholics Anonymous or Lawyers Concerned for Lawyers meetings, posttreatment by his psychologist, and his maintenance of complete records concerning client funds and property coming into his possession. These conditions were imposed by the Minnesota Supreme Court in a disciplinary proceeding, *Petition of Johnson,* 322 N.W.2d 616 (1982), after the disciplinary agency and the attorney had stipulated to them.

The referee considered the appellant's misconduct in light of the alcoholism defense and concluded:

". . . His conduct does appear to have been precipitated by a drinking problem rather than an intent on his part to deceive his clients or to convert their funds. This,

however, does not afford him a recognizable defense. The trust account violations which came to light as the result of a board audit and which were not denied renders his misconduct extremely serious and warrants the discipline sought by the Board based upon similar cases in the past."

We agree, and we adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that the license of Verlin H. Peckham to practice law in Wisconsin is suspended for six months, commencing January 1, 1984.

IT IS FURTHER ORDERED that within 60 days of the date of this order Verlin H. Peckham make restitution to his client in the real estate matter in the amount of $819.30 and pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,804.04, provided that if these payments are not made within the time specified, the license of Verlin H. Peckham to practice law in Wisconsin shall be revoked forthwith.