IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jerome L. RINZEL, Attorney at Law.

Supreme Court

*No. 83-1327-D. Filed August 29, 1984.*
(Also reported in 353 N.W.2d 791.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license revoked by consent.*

The referee, Attorney Stewart Honeck, recommended that Attorney Jerome L. Rinzel's petition for the voluntary revocation of his license to practice law in Wisconsin be accepted and that Attorney Rinzel's license be revoked as of June 29, 1984. The referee also recommended that Attorney Rinzel be required to pay the costs of the disciplinary proceeding. We accept those recommendations.

Attorney Rinzel was admitted to practice law in Wisconsin in 1958, and practices in Milwaukee. In 1982 his license was suspended for six months for unprofessional conduct. *Disciplinary Proceedings Against Rinzel,* 107 Wis. 2d 549, 319 N.W.2d 873 (1982). The respondent was ordered to pay the costs of that proceeding in the amount of $10,912.65 on or before January 1, 1983. He made a $1,500 payment, but the balance of $9,412.65 has not been paid. The respondent has not petitioned for reinstatement of his license following the six-month suspension,

and his license remains suspended from the effective date of that suspension, July 1, 1982.

In this proceeding the respondent's petition for the voluntary revocation of his license came in response to a disciplinary complaint filed against him by the Board of Attorneys Professional Responsibility (Board) alleging seven counts of professional misconduct. The respondent states in his petition, as required by SCR 21.10(1), that he cannot successfully defend against those allegations. Those allegations of unprofessional conduct are as follows.

After the court issued its order suspending the respondent's license in 1982, but prior to the effective date of that suspension, the respondent tentatively negotiated a settlement of his client's personal injury claim with an insurer, but he did not then or at any other time notify the client of his suspension, as required by SCR 22.26 (1)(a). Following the effective date of the suspension, the respondent completed that settlement, including having a release and an agreement for distribution of third-party proceeds executed, as well as receiving and negotiating a check from the insurer. By so doing, the respondent engaged in the unauthorized practice of law, in violation of sec. 757.30, Stats., and SCR 22.26(2).

As part of that settlement, the respondent signed his client's name to the release and agreement for distribution of proceeds without his client's authorization and implicitly represented to the insurer that the signatures were in fact his client's. The respondent also endorsed and deposited the insurer's draft without authorization from or notice to his client, and he failed to notify his client that he had received the settlement proceeds and did not account for or distribute to the client his share of them. Such conduct violated SCR 20.04(4), 11.05(1), 20.50(1) and (2), 21.05, 22.26(2) and sec. 757.30, Stats. During the Board's investigation of this matter, Attor-

ney Rinzel failed to respond to the Board's request to inspect his file concerning the matter and his trust account records concerning the proceeds obtained in its settlement, in violation of SCR 22.07(2) and (3).

The Board also alleged that the respondent did not file the affidavit required by SCR 22.26(4) following his suspension, did not comply with the requirements of SCR 22.26(1) concerning notification of clients and courts of an attorney's suspension, and has not paid the costs of the prior disciplinary proceeding, all in violation of SCR 21.05(2) and 22.26(1) and (4). The two remaining counts of unprofessional conduct concerned the respondent's failure to appear at a hearing on behalf of his client on a summary judgment motion, his failure to file any documents or make any other opposition to the motion, his failure to respond to the circuit court's request for an explanation as to why he had not appeared, and his failure to timely inform his client of the status of her claim, all in violation of SCR 20.32, and his having commingled with his own funds monies belonging to an estate in which he had been appointed special administrator, failed to promptly and accurately account for those monies, failed to maintain appropriate records of his receipt and disbursement of them, and converted more than $40,000 of them to his own use, in violation of SCR 20.04 and 20.50.

The Board and the respondent entered into a stipulation by which the Board agreed to the dismissal of one count of unprofessional conduct, that dealing with the respondent's having signed his client's name to the release and agreement for distribution of proceeds in the personal injury settlement, conditioned upon the respondent's payment of the unpaid balance of the costs of the prior disciplinary proceeding. At the disciplinary hearing, Board counsel stated that it would encounter some difficulty proving its allegations of unprofessional conduct concerning that count for the reason that the

respondent claimed his client had orally agreed to his negotiating the settlement and receiving and disbursing the proceeds and because the client was reluctant to appear at the disciplinary hearing and testify. The referee recommended that the stipulation not be approved if the respondent fails to pay the balance of the costs of the prior proceeding by a date to be set by the court and, further, that if the payment is not made by that date, the court enter an order for a money judgment in favor of the Board for the unpaid balance of the costs.

Notwithstanding the Board's statement concerning problems of proof concerning that count of unprofessional conduct, the stipulation for dismissal of that count, conditioned as it is on the respondent's payment of costs of a prior disciplinary proceeding, is improper, and we reject it. By the terms of the respondent's petition for voluntary revocation of his license, the respondent stated that he could not successfully defend against the allegations set forth in the Board's complaint, which includes the count proposed to be dismissed. Nevertheless, we dismiss that count of unprofessional conduct without prejudice. Its absence from the proceeding does not affect the result, namely, the revocation of the respondent's license to practice law by consent.

IT IS ORDERED that the license of Jerome L. Rinzel to practice law in Wisconsin is revoked, effective June 29, 1984.

IT IS FURTHER ORDERED that within 120 days of the date of this order Jerome L. Rinzel pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,466.26 and the unpaid costs of the 1982 disciplinary proceeding in the amount of $9,412.65.