IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Richard HANSON,
Attorney at Law.

Supreme Court

*No. 84–1653–D. Submitted on briefs November 25, 1986.—
Decided March 31, 1987.*

(Also reported in 402 N.W.2d 707.)

For the appellant there was a brief filed by *Richard A. Hanson,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *Charles F. Kahn, Jr., Dennis M. Sullivan* and *Charles Kahn & Associates,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The respondent attorney, Richard A. Hanson, appealed from the findings, conclusions and recommendation of the referee that his license to practice law in Wisconsin be suspended for 18 months as discipline for unprofessional conduct. The referee concluded that Attorney Hanson charged a clearly excessive fee to a divorce client and failed to carry out his contract of employment in that matter, that he failed to perform any substantial work on behalf of another divorce client and made misrepresentations to that client concerning court dates, that he refused

to appear at a support hearing on behalf of another divorce client, that he failed to perform legal services on behalf of another divorce client and that he failed to properly represent another divorce client, to whom he misrepresented the nature of a court hearing and whom he failed to repay a portion of his fee as he had agreed to do. In sum, the referee concluded that Attorney Hanson failed to carry out his contract of employment in five divorce matters, in violation of SCR 20.35(1)(b), neglected four of those matters, in violation of SCR 20.32(3), failed to seek the client's lawful objectives in two of them, in violation of SCR 20.35(1)(a), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in two of them, in violation of SCR 20.04(4), and charged an excessive fee in one of the matters, in violation of SCR 20.12. In addition to the 18-month license suspension, the referee recommended that Attorney Hanson be required to make restitution to two clients for his failure to refund a portion of his fees.

We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Hanson's misconduct warrants the suspension of his license to practice law in Wisconsin for a period of 18 months. We also deem it appropriate that Attorney Hanson be ordered to make restitution as recommended by the referee and, in addition, that he be required to pay the costs of this proceeding.

Attorney Hanson was admitted to practice law in Wisconsin in 1969 and practices in Milwaukee. The referee is the Honorable John A. Fiorenza, reserve judge.

The referee made findings of fact on the basis of the testimony of Attorney Hanson's former clients and other evidence presented by the Board of Attorneys Professional Responsibility (Board). Attorney

Hanson did not present any evidence: he called no witnesses and did not personally appear at the hearing following the completion of the Board's case.

In one divorce matter, Attorney Hanson agreed to represent Adam Domanski for a fee of $1,000. In the course of that representation, Attorney Hanson received a check on behalf of his client in the amount of $25,000, which he deposited into his trust account. Attorney Hanson subsequently deducted from that amount $3,693.25 as his fee in the divorce and sent his client the balance.

A fee dispute then arose, and it was submitted to the Milwaukee Bar Association fee arbitration panel for resolution. That panel awarded the client a refund of the difference between the agreed-upon fee and the amount retained by Attorney Hanson, $2,693.25. The client never received that refund, despite the fact that the arbitration award specifically required Attorney Hanson to refund the money by June 11, 1983.

In a second divorce matter, Attorney Hanson requested and received in advance from his client a total fee of $243. Although he prepared the petition and reviewed it with the client, Attorney Hanson never discussed with his client the issues of maintenance, property division or taxes. Attorney Hanson told his client that a court date had been set for a specified date, when in fact no court date had been established. The client was unsuccessful in his many attempts to communicate with Attorney Hanson; ultimately, the client discharged him and proceeded in the divorce matter unrepresented.

In a third matter, a woman retained Attorney Hanson to represent her in a divorce, for which she paid him approximately $278. Although he and the client never discussed the issues of maintenance and support, Attorney Hanson arrived at a court appear-

ance with a divorce stipulation that had been prepared by opposing counsel. When the divorce was subsequently granted, the issues of support and maintenance remained unresolved because the client's former husband was unemployed. Attorney Hanson then refused to appear on his client's behalf at a court hearing to resolve those issues, and the client acted on her own behalf in the matter. Attorney Hanson never filed the final divorce documents with the court, as required by law.

A fourth matter concerned Attorney Hanson's representation of a woman in a divorce proceeding. The client paid Attorney Hanson's fee of $225, but she was unsuccessful in numerous attempts to contact Attorney Hanson prior to the final hearing in the divorce proceeding and was required to obtain other counsel to conclude the matter.

In a fifth matter, Michael Barnes retained Attorney Hanson in February of 1983 to represent him in a divorce proceeding and agreed to pay him a fee of $195. The client was unsuccessful in numerous attempts to contact Attorney Hanson, but he ultimately was able to meet with him in June, 1983. At that meeting, Attorney Hanson told the client that an additional fee would be required to cover the costs of the proceeding, and the client paid him the requested amount. The following August, Attorney Hanson appeared on behalf of the client at a child support hearing, but the client had to represent himself because of Attorney Hanson's failure to adequately participate and represent his interests at that hearing. Subsequently, Attorney Hanson informed his client that a final hearing in the divorce had been scheduled for October, 1983. When the client appeared at that hearing, he discovered that it was merely a pretrial conference; Attorney Hanson failed to appear.

Following the pretrial, the client was again unsuccessful in numerous attempts to contact Attorney Hanson and continued in the action unrepresented. When Attorney Hanson telephoned his client in November, 1983, the client told him that he was handling the matter himself and that he wanted a refund of the retainer he had paid. Attorney Hanson agreed to refund the amount of $150 but, the following month, wrote his client that he was not going to refund any amount of the fee he had paid.

The only argument advanced by Attorney Hanson in response to the referee's factual findings was that the Board failed to meet its burden of proving unprofessional conduct by clear and convincing evidence. With respect to the excessive fee matter, Attorney Hanson stated there was no expert testimony offered nor any other evidence available for this court to determine if the referee's findings were appropriate; he contended that there was "a myriad of equally likely alternative hypotheses" to explain how the fee arbitration panel reached its decision. Attorney Hanson also argued that the referee's conclusion failed to specify which subsection of the rule regarding excessive fees, SCR 20.12, the referee made reference to, that there was no showing that Attorney Hanson was able to pay the arbitration award to the client, that there was no showing that any of the client's funds were payable in trust to him, and that the arbitration panel would have reported his unprofessional conduct if it had perceived any. Regarding the other matters, Attorney Hanson argued that there was no expert testimony to support the referee's findings.

■

We find Attorney Hanson's arguments to be without merit. The evidence in the record supports the referee's factual findings, and those findings support the conclusions of law with respect to the violations of

the Code of Professional Responsibility, SCR chapter 20. The evidence before the referee was uncontradicted; indeed, Attorney Hanson presented no evidence in the proceeding.

Attorney Hanson also argued that he had been denied due process in the course of the disciplinary proceeding for a number of reasons. First, the referee should have recused himself or was disqualified from acting as referee, presumably because the referee had disclosed to the parties' counsel at the pretrial conference that, some three years earlier, he had represented Attorney Hanson's former wife in a post-divorce matter. The record discloses that the referee directed Attorney Hanson's counsel to consult with his client and offered to withdraw from the proceeding if Attorney Hanson so desired. The referee set a 10-day time limit for requesting substitution, but no request for substitution was ever made.

The second basis for Attorney Hanson's due process argument was that the scheduling conference, which is required by SCR 22.13(1) to be held within 20 days after the time for answer, was not held until 4 months after the time for answer. However, Attorney Hanson failed to address in his brief how the delay in holding the scheduling conference prejudiced him; he merely took the position that "due process requires a reasonable cut-off time far less than 120 days."

Attorney Hanson also raised a conflict of interest issue on the basis that the vice chairperson of the Board was a party in a civil action in opposition to Attorney Hanson. In response, the Board argued that Attorney Hanson failed to support his contention of a conflict of interest by any facts in the record to establish either actual bias on the part of the vice chairperson or that the circumstances were such as to create a "high probability" of unfairness. The Board

contended that the vice chairperson was neither directly nor indirectly involved in the adjudicative phase of the disciplinary hearing.

Attorney Hanson next contended that he was denied due process because the Board never established that it had complied with the rule, SCR 22.07, setting forth the procedure for the Board's investigation of alleged misconduct. He also contended that the failure to provide him a jury trial on the Domanski fee dispute violated his due process rights.

■

In response to the due process arguments, the Board took the position that there is no compelling reason why this court should review those constitutional issues for the first time in this appeal. The Board argued that Attorney Hanson had ample opportunity to raise those issues in the disciplinary proceeding but did not do so, and there is no basis on which the court should exercise its discretion to review them in the appeal. We agree.

Attorney Hanson's final argument is that his alcoholism should be considered a mitigating factor in determining appropriate discipline. By order of June 11, 1986, the court permitted Attorney Hanson to supplement the record in the appeal with the inclusion of two affidavits concerning his treatment for alcoholism. Those affidavits established that he had been treated in an alcohol rehabilitation facility as an inpatient for five days in 1980 and was diagnosed as alcoholic. His subsequent treatment, again as an inpatient, lasted 30 days, commencing April 3, 1985. Subsequently, Attorney Hanson was a patient in the Impaired Professionals Program at the facility. Attorney Hanson contended that the affidavits constituted "proof of the disease," warranting remand of the matter to the referee to determine whether the disease should mitigate the recommended sanction.

In response, the Board argued that Attorney Hanson is foreclosed from raising alcoholism as a mitigating factor. The court has previously held that alcoholism may be considered a mitigating factor only if a causal connection between the disease and the unprofessional conduct has been established. *Disciplinary Proceedings Against Glasschroeder,* 113 Wis. 2d 672, 335 N.W.2d 621 (1983); *Disciplinary Proceedings Against Peckham,* 115 Wis. 2d 494, 340 N.W.2d 198 (1983); *Disciplinary Proceedings Against Wood,* 122 Wis. 2d 610, 363 N.W.2d 220 (1985). Here, Attorney Hanson offered no evidence during the disciplinary proceeding concerning his alcoholism, and the referee made no findings with respect to it. Moreover, the affidavits with which Attorney Hanson supplemented the record set forth no facts to establish that his alcoholism was causally connected to his professional misconduct. For these reasons, Attorney Hanson's alcoholism may not be considered a mitigating factor in this proceeding.

We adopt the referee's findings of fact, as they are not clearly erroneous, and we adopt the conclusions of law based on those facts. We also accept the referee's recommendation for discipline as appropriate sanction for Attorney Hanson's misconduct. Attorney Hanson neglected five clients' legal matters, made misrepresentations concerning court dates to two clients, unilaterally withheld a client's trust funds as fees in excess of those upon which he had agreed, and failed or refused to refund fees to two clients. The record established a pattern of misconduct demonstrating Attorney Hanson's lack of concern for his clients' interests. On more than one occasion, his neglect left a client in the course of a divorce

proceeding without representation, requiring the client to either proceed unrepresented or to incur additional expense to obtain other counsel. In addition to the recommended 18-month suspension of his license, we determine it appropriate, as the referee recommended, that Attorney Hanson be required to make restitution to his clients for refund of fees as established in the one case by a fee arbitration panel and in the other by an agreement between him and the client.

IT IS ORDERED that the license of Richard A. Hanson to practice law in Wisconsin is suspended for a period of 18 months, commencing May 4, 1987.

IT IS FURTHER ORDERED that within six months of the date of this order Richard A. Hanson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Richard A. Hanson to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Richard A. Hanson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.