# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Richard A. HANSON, Attorney at Law.

Supreme Court

*No. 88-0587-D. Filed July 5, 1989.*

(Also reported in 442 N.W.2d 51.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

We review the report of the referee recommending that the license of Attorney Richard Hanson to practice law in Wisconsin be revoked as discipline for professional misconduct. We adopt the referee's findings of fact and conclusions of law concerning the misconduct

and order the revocation of Attorney Hanson's license to practice law, effective the date of this order.

The professional misconduct consisted of Attorney Hanson's having made unsolicited sexual advances to a client, having twice made false representations in applications for automobile registration and having failed to fully and fairly disclose facts concerning the matter to the Board of Attorneys Professional Responsibility (Board) during its investigation and having undertaken the representation of three clients and having accepted fees from them after the court had issued an order suspending his license as discipline for prior misconduct but before the suspension became effective.

By this misconduct, some of which occurred after the court had issued an order suspending his license to practice law for professional misconduct, Attorney Hanson has demonstrated that he lacks the honesty and integrity essential to persons permitted to represent others in our legal system. He has placed his own interests, personal and economic, above those of persons who retained him to protect their interests and he resorted to falsehoods to obtain that which, by law and regulation, he was denied. Because he has shown himself unfit to practice law, we revoke his license to do so.

Attorney Hanson was admitted to the practice of law in Wisconsin in 1969 and practiced in Milwaukee. In 1987 we suspended his license for a period of 18 months as discipline for misconduct: charging an excessive fee to a divorce client and failing to carry out his contract of employment in that matter, failing to perform any substantial work on behalf of another divorce client and making misrepresentations to that client concerning court dates, refusing to appear at a support hearing on behalf of another divorce client, failing to perform legal services on behalf of another divorce client and failing to

properly represent another divorce client, to whom he had made misrepresentations concerning the nature of a court hearing and failed to repay a portion of his fee. *Disciplinary Proceedings Against Hanson,* 136 Wis. 2d 536, 402 N.W.2d 707 (1987). As he has not sought reinstatement of his license following that suspension, Attorney Hanson's license remains suspended.

Upon the evidence presented at the disciplinary hearing, the referee, Attorney Charles Van Sickle, made the following findings of fact. In 1986 Attorney Hanson was retained by a woman contemplating a divorce. In the context of the attorney-client relationship, Attorney Hanson made numerous suggestions to her that she have sexual relations with him, advised her to divorce her husband, repeatedly called her for dates and on one occasion suggestively touched her person.

Regarding his false representations, after his driver's license had been revoked and he had been ordered to surrender all automobile registration plates issued to him, Attorney Hanson twice submitted false applications for automobile registration. In 1984 he sent the Department of Transportation an application signed in a name other than his own, representing that the person signing the application lived at Attorney Hanson's address. If there was such a person, he did not live at Attorney Hanson's address nor had he authorized Attorney Hanson to sign his name to the application. The following year, Attorney Hanson submitted an application for vehicle registration in the name of a nonexistent legal services corporation, of which he purported to be the president. In response to the Board's investigation of this matter, Attorney Hanson failed to fully and fairly disclose facts pertaining to it and made incomplete, evasive or untrue statements in his disclosures to the Board.

When the court suspended his license in 1987 but before the effective date of that suspension, Attorney Hanson undertook the representation of three persons in divorce matters and accepted advance payment of his fees in amounts ranging from $250 to $373. In none of the cases did Attorney Hanson then inform the client that his license to practice law would be suspended in less than one month's time. On or about the effective date of the suspension, he did send the clients certified letters informing them of the fact of the suspension and advising them he could no longer represent them, but he did not return to the clients any part of the fees he had collected in advance. As the referee noted, the statutes establish a 120-day waiting period following commencement of a divorce proceeding before the matter may be brought to trial; consequently, at the time Attorney Hanson accepted employment in these three matters, it was clear he would be unable to bring them to completion as a result of his license suspension.

On the basis of the foregoing facts, the referee concluded that Attorney Hanson violated a standard of professional conduct in his attempt to have a divorce client engage in sexual relations with him, thereby prejudicing or damaging the client during the course of their professional relationship, in violation of SCR 20.35(1)(c).[1] The referee also concluded that, by submitting two false applications for vehicle registration, Attorney Hanson engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4)[2] and that he violated SCR 22.07(2) by failing to fully and fairly disclose facts to the Board during its investigation

---

[1]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2]The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

591

of his conduct. The referee further concluded that Attorney Hanson's agreeing to represent three divorce clients, knowing his license was prospectively suspended by order of the court, without informing the clients of that fact, constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4); his failure to refund to the clients the portion of fees he had not earned when he withdrew from their representation violated SCR 20.16(1)(c).[3]

In addition to the revocation of his license to practice law, the referee recommended that Attorney Hanson be required to repay specified sums to the three divorce clients whose advance fees he failed to return upon withdrawal from representation. The referee also recommended that Attorney Hanson be required to pay the costs of this proceeding. We adopt these recommendations.

IT IS ORDERED that the license of Richard A. Hanson to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard A. Hanson refund to his former clients the advance fees he had collected but did not earn, in the amounts specified in the report of the referee on file in this proceeding.

IT IS FURTHER ORDERED that within 120 days of the date of this order Richard A. Hanson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Richard A. Hanson comply with the provisions of SCR 22.26 con-

---

[3] The corresponding rule of the Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

cerning the duties of a person whose license to practice
law in Wisconsin has been revoked.