IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Verlin H. PECKHAM, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Verlin H. PECKHAM, Respondent.

Supreme Court

*No. 98–3171–D. Filed February 23, 2000.*

## 2000 WI 17

(Also reported in 606 N.W.2d 170.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Verlin Peckham be publicly reprimanded as discipline for failing to appear at trial on behalf of a client in a small claims action, not pursuing reconsideration of the resulting judgment against the client, not having communicated with the client to prepare for the trial or discussing alternatives available to challenge the judgment, borrowing money from that client without advising her to seek independent advice or obtain her written consent to the loan, and failing to cooperate in the investigation of the Board of Attorneys Professional Responsibility (Board) into his conduct. In addition to the public reprimand, the referee recommended that Attorney Peckham be required to repay the loan to the client, together with interest.

¶ 2. We determine that the public reprimand recommended by the referee is the appropriate discipline to impose for Attorney Peckham's professional misconduct. After initially considering that recommendation, we ordered Attorney Peckham and the Board to show cause why more severe discipline should not be imposed, as this is the second time that Attorney Peckham is facing the imposition of discipline for professional misconduct. In its response to that order, the Board presented information that was not in the record before us, including that the client from whom he borrowed money was a long-time friend and neighbor of Attorney Peckham, that Attorney Peckham has been

suspended from the practice of law for nonpayment of State Bar membership dues and assessments and failure to comply with continuing legal education requirements, and that poor health caused him to retire from the practice of law in November 1998 and he does not intend to resume practice.

¶ 3. Attorney Peckham was admitted to practice law in Wisconsin in 1962 and most recently practiced in Portage. He was disciplined previously for professional misconduct in 1983, when the court suspended his license for six months as discipline for neglect of several client matters, failure to return a client's telephone calls and respond to inquiries concerning his legal matter, withdrawing client funds from his trust account and placing them in his office account without making an accounting to the client, depositing a client's income tax refund into his office account rather than his trust account and issuing a check to his client from his office account that was dishonored for insufficient funds, making payments to himself from his trust account in respect to two estates in excess of the fees to which he was entitled, failing to maintain a formal record of his trust account or a client ledger, and failing to respond to inquiries from the Board into his conduct in those matters. *Disciplinary Proceedings Against Peckham*, 115 Wis. 2d 494, 340 N.W.2d 198.

¶ 4. The referee in the instant proceeding, Attorney Judith Sperling Newton, adopted the findings of fact and conclusions of law to which the parties had stipulated concerning Attorney Peckham's representation of a client in a small claims action. The client retained Attorney Peckham in April 1995 to recover interest on mortgage payments she had made that were refunded to her by virtue of mortgage insurance. Attorney Peckham appeared at the pretrial conference

in July 1997 but had no contact with the client concerning the case between that conference and the trial date, August 29, 1997, and did not appear at the trial. The client's numerous attempts to contact him during that time were unsuccessful.

¶ 5. The client appeared for trial, and after she gave testimony, the court granted the defendant's motion to dismiss. Attorney Peckham thereafter learned of the judgment adverse to his client but made no effort to contact her and took no action to have the judgment reopened.

¶ 6. The referee concluded that Attorney Peckham thereby failed to provide competent representation, in violation of SCR 20:1.1,[1] failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3,[2] failed to keep his client reasonably informed of the status of her matter and respond to her requests for information, in violation of SCR 20:1.4(a),[3] and effectively terminated his

---

[1] SCR 20:1.1 provides:

**Competence.**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.3 provides:

**Diligence.** ·
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4(a) provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

representation of her without taking appropriate steps to protect her interests, in violation of SCR 20:1.16(d).[4]

¶ 7. On the date of the pretrial conference in the small claims matter, Attorney Peckham told his client he was short of cash and asked for a $500 loan. The client agreed, and Attorney Peckham gave her a hand-written promissory note calling for payment, with annual interest of 12%, by September 5, 1997. Attorney Peckham did not advise the client to seek independent legal advice in connection with the loan and has not repaid any principal or interest. The referee concluded that Attorney Peckham violated SCR 20:1.8(a)[5] by entering into a business transaction with the client without giving her a reasonable opportunity to seek the advice of independent counsel or obtaining her written consent.

¶ 8. During its investigation of his conduct, the Board sent Attorney Peckham a letter December 1,

---

[4] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:1.8(a) provides:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;
(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and
(3) the client consents in writing thereto.

1997, asking for information. After several extensions to respond, Attorney Peckham failed to provide the Board with any information or materials. The referee concluded that he thereby failed to cooperate in the Board's investigation, in violation of SCR 21.03(4) and 22.07(3).[6]

¶ 9. As discipline for that professional misconduct, the referee recommended imposition of the public reprimand to which the parties had stipulated. In addition, she recommended that the court order Attorney Peckham to repay the client the $500 he borrowed from her, together with annual interest of 12%, within 90 days. Finally, the referee recommended that Attorney Peckham pay the costs of this proceeding.

¶ 10. We adopt the referee's findings of fact and conclusions of law and impose the discipline recommended. Under the circumstances present, a public reprimand is a sufficient disciplinary response to Attorney Peckham's failure to meet his professional obligations to his client from the outset of his representation of her in the small claims action and to act in obtaining relief from the adverse judgment that resulted from his nonperformance. It also will suffice to

---

[6] SCR 21.03(4) provides:

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

SCR 22.07(3) provides:

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

deter other attorneys from engaging in similar miscon-
duct. We also require Attorney Peckham to repay the
loan he obtained from the client, with interest, as the
referee recommended.

¶ 11. IT IS ORDERED that Verlin H. Peckham is
publicly reprimanded as discipline for the professional
misconduct established in this proceeding.

¶ 12. IT IS FURTHER ORDERED that within 60 days
of the date of this order Verlin H. Peckham repay the
loan he obtained from his client, with interest, as set
forth in this opinion.

¶ 13. IT IS FURTHER ORDERED that within 60 days
of the date of this order, Verlin H. Peckham pay to the
Board of Attorneys Professional Responsibility the
costs of this proceeding, provided that in the event the
costs are not paid within the time specified and absent
a showing to this court of his inability to pay the costs
within that time, the license of Verlin H. Peckham to
practice law in Wisconsin shall be suspended until fur-
ther order of the court.