322 N.W.2d 616 (1982)
In the Matter of the Petition for Disciplinary Action Against Ronald J. JOHNSON, a Minnesota Lawyer.
No. 81-628.
Supreme Court of Minnesota.
August 6, 1982.
Michael J. Hoover, Director Lawyers Professional Responsibility Bd., and Richard J. Harden, Atty., St. Paul, for appellant.
Fred Allen, Minneapolis, for respondent.
PER CURIAM.
Ronald J. Johnson was admitted to practice law in Minnesota in 1972. In March of 1977 he misappropriated funds of a client. Johnson claims the misappropriation was caused by the effects of acute alcoholism. Johnson also failed to maintain proper trust account records. The referee recommended that Johnson be placed on probation for at least two years under supervised practice together with compliance with the terms of a stipulation entered into between Johnson and the director of the Board of Professional Responsibility. We accept these recommendations with some modifications.
In March of 1977 Johnson was engaged in the practice of law as a sole practitioner in Minneapolis, Minnesota. For several years prior he had become addicted to the use of alcohol with the usual effects on his family, friends and business. Johnson was representing a client in a personal injury claim which he settled for $3300.00. Under the fee arrangement Johnson was entitled to receive $1100.00 plus costs. Johnson forged his client's name on the draft and release *617 and used the entire amount to prevent the foreclosure of a mortgage on his house. During the ensuing years Johnson would hear occasionally from his client who he would tell that the case had not yet been settled. In October of 1980 the client filed a complaint with the Board which was referred to the Hennepin County ethics committee for investigation.
Upon being notified of the investigation, Johnson, using fees from another settlement, prepared a check for $2200.00 payable to his client. The client accepted the check and signed a release document which had been prepared by Johnson. Johnson then advised the investigator that the claim had been settled.
Subsequent investigation disclosed the fraud and also disclosed that Johnson had not properly maintained his trust account records. Furthermore, Johnson was using his trust account to shield himself from personal creditors including federal and state income tax liens.
On March 16, 1981 a group of Johnson's friends involved the Lawyer's Concerned for Lawyers (LCL) committee with Johnson. Since that date he has not had any alcoholic beverage, has faithfully attended AA and LCL meetings, and has conducted his practice of law, under supervision, in an ethical and proper manner.
All of the above facts are undisputed by the parties. Based on these facts the referee concluded that Johnson's conduct violated numerous Disciplinary Rules. The referee then read the following recommendation:
It is the opinion of the Referee that the conduct of the Respondent which constituted violations of the Code of Professional Responsibility was not the result of any basic lack of integrity or honesty, but rather was a temporary deterioration of an otherwise stable character due to the excessive use of alcoholic beverages. The Referee is of the opinion that so long as the Respondent abstains from the use of alcohol, thereby being free from such influence, he will revert to the high standard of conduct he exemplified up to the time that abuse of alcohol occurred.
There was no evidence whatsoever that the Respondent had been involved in any misconduct prior to his involvement with alcohol, rather the evidence was to the contrary. The Respondent had been a respected member of the legal profession, being considered as such not only by clients but by other members of the legal profession with whom he came in contact.
It has also been established to the satisfaction of the Referee that for the period of time in which the Respondent has been continuing his practice since completing in-patient treatment for alcoholism, he has demonstrated that he possessed the motivation and resolve to maintain abstinence from alcohol. The Referee recognizes that the period of abstinence so far maintained by the Respondent has been relatively short. However, with a program of supervision for a continued period of time, an opportunity will be afforded the Respondent to evidence that he is able to abstain from alcoholic beverages. If the Respondent successfully completes a reasonable period of probation and supervision, the Referee is of the opinion that the Respondent will then merit a termination of such probation and supervision.
Since the establishment of the organization known as Lawyers Concerned for Lawyers there is ample evidence that numerous members of the legal profession whose conduct due to alcoholism had seriously affected their ability to maintain the standards of the profession, by maintaining abstinence, revert to valuable and honorable members of their profession, and have contributed immeasurably to legal services provided the public. There is no reasonable basis to conclude that the Respondent will not join the many other members of the profession who have in the past, and will in the future, continue to represent the legal profession admirably.
The Code of Professional Responsibility and general ethical standards which apply to members of the legal profession are not designed to be applied as moral *618 absolutes, but rather have as their objective to insure that the members of the public who seek legal services will be assured of a quality of integrity and responsibility to best serve their needs. Disbarment as a disciplinary measure, should only result when there exists a need to preserve that objective. It should not be involved merely as a punishment for the offender. In arriving at the recommendation being made, the Referee is satisfied disbarment would not be justified.
It is the recommendation of the Referee that the Respondent should be permitted to continue the practice of law under supervision for a period of not less than two years, and upon successful completion of such probationary period be restored to unsupervised practice. The terms of the probation should be similar to those previously established by the "Stipulation and Consent" entered into under date of June 19, 1981. The attorney appointed to supervise the Respondent and his professional practices should be requested to submit periodic reports in writing, no less than quarterly, to the Director of the Lawyers Professional Responsibility Board as to whether or not the Respondent is complying with the probationary terms. In the event it should be reported that the Respondent has violated any of the terms of probation, immediate suspension of Respondent's license to practice should occur, and, subject only to a summary hearing to determine the fact of such violation, the Respondent should then be disbarred.
By the recommendation being presented, the Referee is not advocating that where misconduct is grounded in alcoholism, the misconduct should be considered any less severe. Clearly, as in the case of this Respondent, alcoholism may be the cause of the misconduct, but it is never an excuse. Although alcoholism is not an excuse, nevertheless, action to be taken by reason of such misconduct should be determined by all of the facts and circumstances of the particular case. After a consideration of all the facts and circumstances considered pertinent as to the appropriate action to be taken by reason of Respondent's misconduct, as specified hereinabove, it is the recommendation of the Referee that the Respondent be placed on probation, being permitted to practice law subject to the supervision and the conditions referred to hereinabove.
At oral argument counsel for the Board did not advocate disbarment. Rather, he presented the court with alternative considerations. The first was that Johnson be suspended with right to reapply upon showing that alcoholism had caused his violations and that he was cooperating in his treatment program  the second alternative provided that Johnson be suspended but the order be stayed for two years upon condition that he complies with certain conditions. We intend to adopt the second alternative. However, before disposing of this case it is essential that we consider the serious questions raised whenever an attorney violates disciplinary rules and then claims to be suffering from alcoholism.
Counsel for the Board (Michael J. Hoover, Director) suggests five criteria that should be adopted; namely:
1. That the accused attorney is affected by alcoholism.
2. That the alcoholism caused the misconduct.
3. That the accused attorney is recovering from alcoholism and from any other disorders which caused or contributed to the misconduct.
4. That the recovery has arrested the misconduct and the misconduct is not apt to reoccur.
5. That the accused attorney must establish these criteria by clear and convincing evidence.
We agree with these criteria. It is clear that alcoholism in and of itself is not a defense to professional misconduct. The critical issue in each case will be the second criteria which relates to causation. It is not sufficient that the accused lawyer states *619 that alcoholism was the cause of his or her dereliction. The question then arises as to what type of other evidence must the accused lawyer present to satisfy the burden of proving causation by clear and convincing evidence. We are convinced that medical evidence should not be the sole evidence to be considered. We hesitate to formulate any specific evidentiary rule within the framework of an opinion. Past experience has shown that such evidentiary rule changes are best formulated by committee in a hearing structure of the court rather than in its opinion process. We invite concerned parties to petition the court to conduct a hearing upon proposed evidenciary rules affecting this process.
In adopting the criteria of the director we do so prospectively affecting any hearing after the release of this opinion. For the purpose of disposing of this case, we basically adopt the recommendations of the referee.
Ronald J. Johnson, attorney at law, State of Minnesota, is herewith publicly censured for his violations of disciplinary rules. Further, he is suspended from the practice of law, provided such order of suspension is stayed until November 1, 1984, at which time it will terminate if Johnson has complied with the terms of a stipulation entered into between him and the Director on June 19, 1981. In addition, Johnson shall be required to attend on a regular basis meetings of Lawyer's Concerned for Lawyers.
The recommendation of the referee is adopted with modification.