IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Sidney PUMP, Attorney at Law.

Supreme Court

*No. 81–2289–D. Filed December 7, 1982.*
(Also reported in 326 N.W.2d 773.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On November 30, 1981, the Board of Attorneys Professional Responsibility (Board) filed a complaint against Sidney Pump, an attorney admitted to practice in Wisconsin since 1959, and who practices in Milwaukee, alleging five counts of unprofessional conduct. In 1975 the respondent was retained to defend a couple against

a claim by an automobile liability insurer arising from an auto accident in which the clients were alleged to have been at fault. The respondent failed to file an answer or defend against the claim, allowing the insurer to take a default judgment against his clients. The respondent failed to notify the court, his clients or opposing counsel of his unwillingness to continue defense of the action. It was alleged that the respondent's failure to act in the matter, which resulted in a default judgment against his clients in the amount of $2,700, violated SCR 20.16(1) (b), 20.32(3) and 20.35(1) (b).

It was also alleged that the respondent, representing the same clients, negotiated a plan for the payment of a dentist bill for which the dentist had obtained a judgment. Pursuant to the plan, the client forwarded seven money orders to the respondent, to be forwarded to the dentist or his attorney. The respondent mislaid or otherwise lost the money orders and did not forward them to the dentist. In addition, the money orders were not properly deposited in a client trust account, nor were the funds properly accounted for by the respondent to his clients. It was alleged that such conduct violated SCR 20.16(1) (b), 20.32(3), 20.35(1) (b), 20.50(2) (b) and (c).

In 1974 the respondent agreed to represent the same clients in a claim for personal injuries sustained by the woman and an unborn child resulting from a slip and fall. The respondent failed to investigate or pursue the claim, despite several requests by his clients to do so, and he misled his clients about the status of the case and the extent of his efforts in their behalf. The respondent allowed the statute of limitations to lapse on the claim without advising the client that the statute would operate to bar her recovery. It was alleged that such conduct violated SCR 20.16(1) (b), 20.32(3) and 20.35 (1) (b).

The complaint also alleged that in 1978 the respondent undertook the representation of a client in an action for

divorce in which he was the petitioner. The divorce was granted on July 27, 1979, but the respondent refused to file the final judgment document with the court until one month later because of a dispute with the client concerning his fee. It was alleged that such conduct violated SCR 20.32 and 20.35. It was also alleged that the respondent's conduct subsequent to the public reprimand he received from the Board in 1978 for trust account violations demonstrates an aggravated and continuing disregard for the standards of attorney professional responsibility.

We referred the matter to the Hon. John Fiorenza, reserve judge, as referee. After the respondent filed an answer to the complaint, the parties entered into a stipulation of facts in which it was agreed as follows:

(1) In the auto accident case, the respondent determined that his client was at fault and attempted to obtain a settlement with the insurer, but the client had no money with which to make payment. The respondent failed to notify the court of his unwillingness to continue defense of the suit and failed to respond to opposing counsel and to adequately inform the client of the legal ramifications of failing to answer and permitting entry of a default judgment.

(2) In the second matter, the clients forwarded seven money orders, each in the amount of $15, to the respondent to be forwarded to the dentist or his lawyer. The respondent mislaid or otherwise lost the money orders, did not properly deposit them in a client trust account and did not properly account for them to his clients. The money orders were never cashed, and the U.S. Treasury ultimately refunded the moneys to the clients.

(3) The respondent failed to pursue the personal injury claim of his clients despite several requests to do so, and he misled his clients about the status of the matter and the extent of his efforts. He allowed the statute of limitations to lapse on the claim without advising the client of the statute which would operate to

bar her recovery. The respondent subsequently voluntarily paid the clients $1,500 for a full release of any claims related to the matter.

(4) The respondent refused to file the final divorce judgment because of a dispute with his client regarding fees. After receiving notice of the client's complaint made to the Board, the respondent filed the judgment and waived his fees for services in the matter.

The referee filed his report with the court on October 4, 1982, in which he made findings of fact consistent with the stipulation and concluded that the respondent's conduct on the auto accident claim violated SCR 20.16 (1) (b), 20.32 (3) and 20.35 (1) (b); that his conduct with regard to the dentist's claim violated SCR 20.16 (1) (b), 20.32 (3), 20.35 (1) (b), 20.50 (2) (b) and (c); that his conduct in the personal injury matter violated SCR 20.16 (1) (b), 20.32 (3) and 20.35 (1) (b); that his conduct in the divorce matter violated SCR 20.32 and 20.35. The referee also found that at the time of the previous reprimand, the respondent was under psychiatric care and that the matters underlying the complaint in this matter, with the exception of the divorce judgment, occurred prior to the time the respondent was publicly reprimanded and at a time during which he was completing psychiatric treatment. The referee recommended that the respondent be publicly reprimanded for a second time and that any publication of the reprimand indicate that it is the respondent's second public reprimand. The referee also recommended that the respondent be ordered to pay the costs of the disciplinary proceeding.

By order of November 2, 1982, we requested the parties to file briefs with the court on the question of the appropriateness of the recommended discipline to the respondent's unprofessional conduct. Both the Board and the respondent take the position that a public reprimand is appropriate discipline in light of the mitigating circumstance of the respondent's having been under psychiatric care at the time when all but one of these

matters occurred. We agree and hereby adopt the findings, conclusions and recommendations of the referee.

It is ordered that Sidney Pump is publicly reprimanded for unprofessional conduct in these matters.

It is further ordered that within 60 days of the date of this order Sidney Pump pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,859.26, provided that if payment is not made within the time specified, the license of Sidney Pump to practice law in Wisconsin shall be suspended forthwith.