IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Willis B. SWARTWOUT, III, Attorney at Law.

Supreme Court

*No. 83–545–D. Filed January 27, 1984.*
(Also reported in 342 N.W.2d 406.)

*PER CURIAM. Attorney disciplinary proceeding;
attorney publicly reprimanded.*

This disciplinary proceeding was commenced on March
25, 1983, when the Board of Attorneys Professional Re-
sponsibility filed a complaint alleging that Swartwout
neglected his client's products liability action, failed to
keep the client advised of the developments in her case,
refused to promptly refund part of the $3,200 retainer
she had paid him to represent her in the matter, failed to
provide a full and fair disclosure of all facts and cir-
cumstances in the matter to the local professional re-
sponsibility committee, and misrepresented facts to the
members of the committee at its hearing. Swartwout de-
nied any wrongdoing, but he admitted that he missed a
deadline in responding to a motion to dismiss in his cli-
ent's action, which resulted in the dismissal of the action
with prejudice, and admitted his failure to name his cli-
ent's co-employes as defendants in the action.

Following a hearing on August 16, 1983, the referee
Attorney Robert P. Harland, filed his report in which he

found that Swartwout, who was admitted to practice in 1958 and who now practices in New Berlin, knew or should have known that the action he commenced on behalf of his client was barred by the Federal Employees Compensation Act, that he neglected to bring an action timely against proper persons and that he permitted the statute of limitations to run before he notified his client of the status of her claim. The referee concluded that Swartwout is not justified in retaining any of the money his client paid him to pursue her claim because his incompetent conduct deprived her of all opportunity to have her rights adjudicated. He also concluded that Swartwout's lack of diligence and competence in handling his client's matter, in addition to constituting negligence, "rose to the level of professional misconduct."

As to the allegations that Swartwout did not fully and fairly disclose all of the facts and circumstances concerning this matter and that he misrepresented facts to members of the local professional responsibility committee, the referee found that the board did not offer sufficient proof, having offered into evidence only the entire transcript of the district committee meeting, without specific references to those portions of Swartwout's testimony which were allegedly inconsistent with some of his correspondence and other testimony.

By way of mitigation, Swartwout introduced testimony of an alcoholism counselor whom he consulted from October, 1982 to May, 1983. The counselor had diagnosed Swartwout as "an alcoholic in the chronic stages . . ." and testified that his chances for recovery are predicated on his remaining free of alcohol and maintaining his involvement in Alcoholics Anonymous. The counselor did not testify to a causal connection between Swartwout's neglect of his client's claim and his alcoholism, nor was she asked to make a determination of whether or not his misconduct was precipitated by alcoholism.

The only testimony of a causal connection between the misconduct and Swartwout's alcoholism was Swartwout's: when board counsel asked whether he considered his failure to promptly process his client's case, the problems concerning the dismissal of that case, and the problems concerning the refund of his client's retainer to have been prompted by his alcoholism, Swartwout responded:

"One of the problems of an alcoholic is his failure to accept and deal well with responsibility and I think that bore on not being responsible about supervising [his associate], not being responsible about keeping a closer tab on the time limits, not being responsible about taking the case back myself and doing it myself. I think it had much to do with a lot of things. I'm amazed as I look back on it, that, you know, that was really—just happened to be one case that everything flew apart in. I don't know why it didn't happen in other cases."

The referee found, on the basis of the counselor's testimony and Swartwout's testimony cited above, that Swartwout's failure to deal responsibly with his client was attributable to his alcoholism.

The referee recommended that the court suspend Swartwout's license for one year but that the suspension be stayed provided Swartwout repay the full retainer to his client within 60 days, continue on a regular basis with a recognized program of alcohol rehabilitation, conduct his practice competently and in compliance with Supreme Court Rules, and certify to the board a sworn statement of his compliance with these conditions. Neither Swartwout nor the board appealed from the referee's report and recommendation.

In an attorney disciplinary proceeding, we review the referee's findings of fact and adopt them unless they are clearly erroneous. This is the standard of review by which we review judicial disciplinary proceedings, *In Matter of Complaint Against Seraphim,* 97 Wis. 2d 485,

509 (1980), *Disciplinary Proceedings Against Guay,* 101 Wis. 2d 171, 178 (1981), and the standard made applicable by statute to findings of fact made by a referee appointed by a trial court in an action tried without a jury, sec. 805.06(5)(b), Stats. Any language in our prior opinions to the effect that we conduct a *de novo* review of the record and independently make factual findings is no longer applicable to attorney disciplinary proceedings.

Here we are not convinced that the referee's finding that Swartwout's misconduct was attributable to his alcoholism is adequately supported by the evidence, namely, Swartwout's own statement that his alcoholism "bore" on his not being responsible for the prosecution of his client's claim. It is significant that Swartwout did not raise the issue of his alcoholism in the proceeding before the district professional responsibility committee and that he did not seek professional help for his alcoholic condition until a time after the board had advised him that it was investigating his alleged misconduct and after his appearance before the district professional responsibility committee.

However, the issue of whether Swartwout's misconduct was caused by his alcoholism does not affect the discipline that his misconduct warrants. In a recent disciplinary proceeding we adopted the referee's conclusion that an attorney's alcoholism does not afford him a recognizable defense to charges of professional misconduct. *Disciplinary Proceedings Against Peckham,* 115 Wis. 2d 494 (1983). In that case the referee rejected the attorney's contention that a one-year stayed suspension of his license and the imposition of conditions on his continued practice of law would be appropriate discipline for the reason that his misconduct was caused by his alcoholism. For the same reason, we do not adopt the referee's recommendation in this case for a stayed one-year suspension of Swartwout's license to practice law and the

imposition of conditions on his continued practice. We do, however, adopt the referee's recommendation that Swartwout repay the full retainer to his client.

Because we were not satisfied with the discipline recommended by the referee for Swartwout's misconduct, we invited the parties to submit briefs on the issue of appropriate discipline. In his brief, Swartwout argues that the imposition of conditions on his continued practice of law is appropriate, especially in light of the fact that the court has previously imposed conditions in attorney disciplinary matters. However, the cases he cites, *Disciplinary Proceedings Against Solberg,* 106 Wis. 2d 242 (1982) and *Disciplinary Proceedings Against Penegor,* 104 Wis. 2d 133 (1981), do not support his position. In *Solberg* a public reprimand had been imposed on the attorney by the board, not by the court, and the attorney and the board had stipulated to that reprimand and the imposition of certain conditions upon Solberg's continued practice of law. In *Penegor,* in addition to suspending the attorney's license for 90 days, the court ordered the attorney to submit quarterly statements of his trust account to the board for a period of two years. This type of "condition" is significantly different from the conditions which the referee recommends be imposed on Swartwout. Swartwout argues that any form of discipline imposed should be such as to allow his continued practice of law on an uninterrupted basis.

Swartwout also argues that because the referee did not include in his report and recommendation a requirement that he pay the costs of the disciplinary proceeding, the referee intended to recommend that costs *not* be assessed against him. He cites SCR 22.20, which provides that the referee *may* assess all or part of the costs of the proceeding against the attorney. Swartwout points to the referee's recommended reimbursement of his client in the amount of $3,200, which constitutes a refund of the re-

tainer she paid to Swartwout to handle her claim, as "a significant financial obligation in itself." Customarily, where the referee fails to refer to costs, the court imposes them in their entirety against the attorney, provided misconduct is found.

In its brief, the board concedes that in some cases in which misconduct is caused by an attorney's alcoholism it may be appropriate to impose conditions upon the attorney which would protect the public and, at the same time, permit the attorney to continue practicing law, but it argues that this is not one of those cases. It points to the five criteria established by the Minnesota Supreme Court to be used when an attorney violates a disciplinary rule and then claims to be suffering from alcoholism. *In the Matter of the Petition for Disciplinary Action Against Ronald J. Johnson,* 322 N.W.2d 616 (Minn. 1982). Those criteria are:

"1. That the accused attorney is affected by alcoholism.
"2. That the alcoholism caused the misconduct.
"3. That the accused attorney is recovering from alcoholism and from any other disorders which caused or contributed to the misconduct.
"4. That the recovery has arrested the misconduct and the misconduct is not apt to reoccur.
"5. That the accused attorney must establish these criteria by clear and convincing evidence." *Id.,* at 618.

However, the Minnesota Supreme Court made it clear that alcoholism in and of itself is not a defense to professional misconduct and that the critical issue in each case will be the criterion which relates to causation. The court said,

"It is not sufficient that the accused lawyer states that alcoholism was the cause of his or her dereliction. The question then arises as to what type of other evidence

must the accused lawyer present to satisfy the burden of proving causation by clear and convincing evidence. We are convinced that medical evidence should not be the sole evidence to be considered." *Id.*, at 618–19.

Rather than formulate any specific evidentiary rule in its opinion, the court invited concerned parties to petition the court to conduct a hearing upon proposed evidentiary rules concerning the issue.

The board contends that the record in this matter is not sufficient to support the referee's finding that Swartwout's misconduct was caused by his alcoholism, pointing out that the counselor who testified to Swartwout's alcoholism first saw him concerning his problem more than two years after Swartwout had been contacted by the board in the matter and approximately one month after he appeared before the district professional responsibility committee concerning his misconduct. The board takes the position that the court should suspend Swartwout's license to practice law, in addition to ordering restitution of the client's retainer and payment of costs of the proceeding.

Before us is the question of what constitutes appropriate discipline for Swartwout's misconduct. That misconduct essentially concerns one incident of negligent and incompetent representation of a client, although there were several separate acts of negligence in that representation. In his report, the referee stated:

"Under SCR [20.32], [the client] was entitled to rely on Respondent as being competent to handle her claim. It is undisputed that Respondent neglected his client's claim:

"(1) He knew, or should have known, that the action was barred by the FECA;

"(2) He neglected to bring an action timely against persons against whom an action could have been brought;

"(3) He permitted the Statute of Limitations to run before he alerted his client to the state of affairs; her claims became barred."

.

The referee recognized that the negligent and incompetent handling of a single claim by an attorney does not necessarily amount to unprofessional conduct, for he stated, "Respondent's lack of diligence and competence in handling his client's affairs, in addition to constituting negligence, rose to the level of professional misconduct."

We agree. Not every mishandling by an attorney of a client's claim, whether or not it constitutes attorney malpractice so as to provide the client with a civil remedy, will merit discipline as unprofessional conduct. In this case, however, we agree with the referee that Swartwout's negligent and incompetent handling of his client's claim constituted unprofessional conduct meriting discipline. We do not agree, however, with his recommendation that we impose a suspension of Swartwout's license, stay that suspension and, as a condition of his continued practice of law, require him to continue alcoholism rehabilitation treatment. Rather, we conclude that Swartwout's unprofessional conduct in this matter warrants a public reprimand.

IT IS ORDERED that Willis B. Swartwout, III, is publicly reprimanded for his unprofessional conduct in this matter.

IT IS FURTHER ORDERED that Willis B. Swartwout, III, repay the sum of $3,200 to his former client within 60 days from the date of this order.

IT IS FURTHER ORDERED that Willis B. Swartwout, III, pay to the Board of Attorneys Professional Responsibility within 120 days of the date of this order the costs of this disciplinary proceeding in the amount of $3,396.27, provided that if the costs are not paid within the time specified, the license of Willis B. Swartwout, III, to practice law in Wisconsin shall be revoked forthwith.