IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Sidney PUMP, Attorney at Law.

Supreme Court

*No. 83–1337–D. Submitted on briefs September 6, 1984.—*
*Decided October 2, 1984.*
(Also reported in 355 N.W.2d 248.)

For the appellant, Sidney Pump, there was a brief by *Stan L. Lenchek,* Milwaukee.

For the respondent, Board of Attorneys Professional Responsibility, there was a brief by *Thomas P. Maroney,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney Sidney Pump appeals from the referee's recommendation that his license be suspended for six months and that he be ordered to pay the costs of this proceeding as discipline for unprofessional conduct in neglecting three legal matters of a client. While we accept the referee's findings of fact and conclusions of law concerning Attorney Pump's misconduct, we conclude that a 60-day suspension of his license to practice law is appropriate discipline.

Attorney Pump was admitted to practice in Wisconsin in 1959 and practices in Milwaukee. He has been disciplined twice for unprofessional conduct: in 1978 he was publicly reprimanded by the Board of Attorneys Professional Responsibility for having commingled client funds with his own and having converted client funds to his own use; in 1982 the court publicly reprimanded him for numerous ethical violations, including failure to pursue a matter on behalf of a client without notifying the client and the court of his decision not to pursue it, failure to properly deposit client funds into a trust account and to account to his client for the funds, failure to pur-

sue a personal injury matter on behalf of his clients and misleading them as to the status of their matter, and refusing to file a final divorce judgment because of a dispute with his client concerning his fee. *Disciplinary Proceedings Against Pump,* 109 Wis. 2d 588, 326 N.W.2d 773 (1982). In each of these prior disciplinary matters the fact that Attorney Pump was under psychiatric care at the time of his unprofessional conduct was considered in mitigation of the seriousness of his misconduct.

This disciplinary proceeding concerns Attorney Pump's representation or failure to represent one client in three matters. Attorney Pump had represented the client in her divorce action in 1975, and they subsequently established a social relationship, which ended in August of 1982.

In 1978 the woman retained Attorney Pump to represent her concerning injuries she had received in a slip and fall on commercial premises. Attorney Pump advised her to see a doctor and to submit all medical bills to him. He later told her that the insurer of the premises would settle the matter out of court, but in fact he did not do anything to pursue the woman's claim after having advised her to seek medical attention.

In February, 1979 the woman retained Attorney Pump concerning damage to her automobile received in an accident. The woman furnished Attorney Pump a copy of the accident report, and he assisted her in preparing and himself mailed a report form to the Department of Motor Vehicles. Attorney Pump took no further action in the matter.

The third matter concerned the woman's seeking an increase in maintenance payments from her former husband in June, 1981. The woman testified that she had gone to Attorney Pump's home and, at his request, signed an affidavit in support of an order to show cause for such an increase. Attorney Pump subsequently notified

her on at least six occasions that court dates had been obtained, but as each date approached and the client called him to verify the date and time, Attorney Pump told her that the appearance had been canceled for one reason or another. In fact, Attorney Pump never obtained a court date. The woman ultimately obtained other counsel to represent her, and she obtained a $250 per month increase in maintenance payments.

The woman retained counsel to pursue a legal malpractice claim against Attorney Pump for his conduct in these three legal matters. That claim was eventually settled with Attorney Pump's malpractice insurance carrier in the amount of $3,500: $500 for the personal injury claim and $3,000 for the support increase matter. The auto damage claim was not part of the settlement for the reason that the statute of limitations had not run on that claim. Subsequent to the settlement, the woman wrote to the Board of Attorneys Professional Responsibility requesting that the grievance she had filed against Attorney Pump alleging his neglect of her legal matters be withdrawn for the reason that she had "amicably" settled the matter with him.

Attorney Pump claimed that he had never been retained by the client to represent her in the three matters. He alleged that the woman merely notified him of the personal injuries she suffered in her fall, the damage to her automobile, and her desire to seek an increase in maintenance payments. Attorney Pump claimed that the woman did not continue to ask him about the status of the personal injury and auto accident matters as their social relationship continued, which he claimed is evidence she did not believe she had in fact retained him to pursue them. He also denied having had her sign an affidavit in support of an order to show cause concerning the maintenance payment increase, maintaining that he had consistently demanded a $75 retainer from her

prior to commencing any work on her behalf, and he denied ever having informed her that he had obtained court dates in the matter.

Attorney Pump suggested in his brief that his conduct in these matters may be characterized as a lack of communication, that is, the woman believed that merely by communicating her legal problems to him he would undertake to legally represent her in them. However, he admitted to "sloppiness in handling his professional affairs," which he claimed is deserving of only a reprimand. He pointed out that the woman has been made whole in the matters and has withdrawn her grievance against him.

Following the disciplinary hearing, at which the woman, her successor counsel, and Attorney Pump's malpractice insurance carrier's adjuster testified, the referee, Attorney Stewart Honeck, found that Attorney Pump had been retained to represent the woman in the three matters and concluded that he had neglected those matters, in violation of SCR 20.32 (3). The woman testified that she had telephoned Attorney Pump approximately three times per month to inquire as to the progress of the personal injury case and the auto accident matter. The referee's findings were based on his having "carefully evaluated the criteria by which the credibility of Pump [and the client] had to be judged." The referee chose to believe the client and to disbelieve Attorney Pump.

The referee's findings of fact will be accepted unless they are clearly erroneous. Further, where there is conflicting testimony, the referee, as finder of fact, is the ultimate arbiter of the credibility of the witnesses. *Disciplinary Proceedings Against Swartwout,* 116 Wis. 2d 380, 342 N.W.2d 406 (1984). *Cogswell v. Robertshaw Controls Co.,* 87 Wis. 2d 243, 274 N.W.2d 647 (1979).

We therefore accept the referee's findings concerning Attorney Pump's conduct, and we agree with his conclusion that such conduct constituted neglect of legal matters, in violation of SCR 20.32(3).

We do not agree, however, with the referee's recommendation that a six-month suspension of Attorney Pump's license to practice law constitutes appropriate discipline under the circumstances of this case. Attorney Pump's unprofessional conduct is serious, and it is apparent from the fact that twice previously he has been publicly reprimanded for misconduct that substantial discipline is called for in this matter in order to impress upon Attorney Pump the seriousness of his unprofessional conduct.

Because of the blurring of his attorney-client and personal-social relationships with the client, Attorney Pump should have been especially alert to the problems inherent in the dual relationship, and he should have taken appropriate steps to inform the client what he was or was not doing on her behalf as an attorney. We note that there is no claim that Attorney Pump received a retainer from the client to perform legal services which he did not perform, nor that he misappropriated his client's funds. We conclude that a 60-day suspension of Attorney Pump's license to practice law is appropriate discipline under these circumstances, rather than the six-month suspension recommended by the referee.

IT IS ORDERED that the license of Attorney Sidney Pump is suspended for 60 days, commencing November 1, 1984.

IT IS FURTHER ORDERED that Attorney Sidney Pump pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of the disciplinary proceeding in the amount of $2,312.64, provided that if the costs are not paid within the time

specified, the license of Sidney Pump to practice law in Wisconsin shall be suspended until further order of the court.