IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Larry W. RADER, Attorney at Law.

Supreme Court

No. 83–2101–D. *Submitted on briefs November 27, 1984.—Decided December 21, 1984.*
(Also reported in 359 N.W.2d 156.)

For the appellant and cross-respondent, Larry W. Rader, there were briefs by *Larry W. Rader, pro se,* Wausau.

For the cross-appellant, Board of Attorneys Professional Responsibility, there were briefs by *Dexter C. R. McKelvey,* Stevens Point.

PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.

Attorney Larry W. Rader appeals from the referee's report concluding that he revealed client confidences and used those confidences to his advantage and to the

disadvantage of his client and recommending that he be publicly reprimanded for unprofessional conduct. The Board of Attorneys Professional Responsibility (Board) cross-appeals from the referee's recommendation for discipline, taking the position that the recommended public reprimand is too lenient and that a suspension of Attorney Rader's license for at least 90 days is appropriate discipline. We accept the referee's findings of fact and conclusions that Attorney Rader violated SCR 20.22(1)(b) and (c) by knowingly using client confidences without the clients' consent to the disadvantage of the clients and for his own advantage. However, we do not accept the referee's recommendation of a public reprimand; we conclude that Attorney Rader's unprofessional conduct warrants the imposition of a 90-day suspension of his license to practice law.

Attorney Rader was admitted to practice in Wisconsin in 1960, and practices in Wausau. He was previously disciplined in 1979, receiving from the Board a private reprimand for having recorded a deed that had been given to him by another attorney with explicit instructions not to record it unless notified otherwise. In the context of this appeal, Attorney Rader filed a motion to have the 1979 private reprimand struck from the court's records, filed a motion to supplement the appendix of his appellate brief in support of the motion to strike, and filed a motion requesting the court to take judicial notice of alleged misconduct by the Board in its investigation of the 1979 matter. We deny each of those motions.

This disciplinary proceeding concerns Attorney Rader's representation of one of three brothers who were partners in the operation of a farm and whom Attorney Rader represented in partnership matters. In 1980, one of those brothers, LaVerne Springer, retained Attorney Rader to represent him in a divorce action.

The divorce was bitterly contested, and Mr. Springer was dissatisfied with the court's award of property division. Attorney Rader brought several unsuccessful motions for reconsideration of that award.

When Attorney Rader refused Mr. Springer's request to appeal the court's judgment, Mr. Springer obtained other counsel to represent him in taking an appeal, but Attorney Rader refused to sign a substitution of attorney form. Attorney Rader claimed his refusal to appeal the judgment was the result of having discovered his client had hidden assets in the divorce proceeding which would have to be disclosed to the court if the matter were pursued. Attorney Rader maintained that he refused to consent to the substitution of attorney in order to bring the matter of the alleged hidden assets to the court's attention. However, the referee, the Honorable Rodney Lee Young, reserve judge, found that Attorney Rader wanted the substitution issue to go before the court so that a disagreement between him and Mr. Springer over his fees in the divorce action would be resolved.

In preparation for the hearing on the substitution motion, Attorney Rader prepared three affidavits attempting to establish the fact that Mr. Springer had hidden assets from the court in the divorce action, and he informed the proposed successor attorney, James Lonsdorf, that he intended to file those affidavits with the court prior to the hearing on the substitution motion. The affidavits disclosed information concerning not only LaVerne Springer, but also the Springer brothers and their farm partnership dealings, as well as problems La Verne Springer had been having with his wife and with the partnership. Attorney Lonsdorf asked Attorney Rader not to file the affidavits because of their prejudicial content, but the affidavits were delivered to the judge's chambers on the morning of the hearing. Unaware that the affidavits had been delivered, Attor-

ney Lonsdorf spoke to the judge in chambers and asked that he not read the affidavits should they be filed. The affidavits were sealed in the court's file, and the judge did not read them.

At the disciplinary hearing, Attorney Lonsdorf testified that he had obtained access to Attorney Rader's files in the divorce action with the express understanding between himself and Attorney Rader that he would review Attorney Rader's fees with Mr. Springer and help resolve the fee dispute. Attorney Lonsdorf also testified that when Attorney Rader gave him copies of the three affidavits two days prior to the hearing on substitution, Attorney Rader told him he might file the affidavits but that Attorney Lonsdorf should discuss the fee issue with Mr. Springer. Attorney Lonsdorf further testified that on the afternoon of the hearing on the substitution motion he asked Attorney Rader not to file the affidavits, not realizing that they had already been delivered to the judge in chambers, and that Attorney Rader told him that if he were not paid $5,000 in fees for his representation of Mr. Springer in the divorce action, he was going to file them. Attorney Rader subsequently reduced his demand to $1,500, but Mr. Springer refused to pay him anything.

The referee found that by preparing those affidavits and delivering them to the court, Attorney Rader sought to use the hearing on the substitution motion as a means of obtaining payment of his fees in the divorce matter, as well as to inform the court of his suspicion that his client had withheld certain assets from the court during the divorce proceeding. The referee also found that the affidavits disclosed information about his client's marital problems which Attorney Rader had obtained through office conferences with LaVerne Springer, as well as partnership information obtained through office conferences with the three brothers, and that all of the

clients had expressly requested that such information be kept confidential.

The referee concluded that Attorney Rader's primary interest and objective in requiring a court hearing on the substitution motion was to obtain payment or settlement of his fees and that the threat of filing the affidavits was contingent upon a settlement of those fees. This conduct constituted a knowing use of a client confidence without the client's consent to the disadvantage of the client and for Attorney Rader's own advantage, in violation of SCR 20.22(1)(b) and (c). The referee found that Attorney Rader's attempt to inform the court of what he termed "suspicious circumstances" indicating his client's allegedly having withheld assets in the divorce proceeding was "indirectly and inferentially made, but not pursued."

We find to be without merit Attorney Rader's argument that no privileged or confidential client information was publicly disclosed by his having delivered the affidavits to the judge in chambers. In Attorney Rader's cover letter accompanying the affidavits and in his testimony at the substitution hearing, he made clear his intention that the affidavits be filed and made a part of the record in the divorce action. We likewise reject his contention that his client's alleged nondisclosure of assets in the divorce proceeding justified his disclosure of the information contained in the affidavits. Attorney Rader's mere suspicion of hidden assets is insufficient to establish the existence of a fraud on the part of his client, especially in light of the fact that there has been no showing, in this proceeding or in any other, that the client, in fact, had failed to disclose the existence of assets in the divorce proceeding. Even if the hiding of assets had been proved, Attorney Rader would not have been justified in disclosing the informa-

tion set forth in two of the affidavits which did not concern the hidden asset issue but were directed to the question of justifying the fees he charged his client for representing him in the divorce action.

In his brief Attorney Rader argued that he was ethically obligated to disclose to the court his suspicion that his client had failed to disclose assets which were subject to the court's jurisdiction. He claimed to have learned of the alleged hidden assets in June of 1981, when he reviewed a farm partnership income tax return for the preceding year. That return listed a depreciation deduction of $29,000, one-third of which would have belonged to his client. In addition, the court apparently had erred in its calculation of Mr. Springer's property, deducting therefrom his share of the partnership's $60,000 debt for the purchase of machinery and equipment without correspondingly increasing the value of Mr. Springer's property by $20,000, his share of the value of the machinery and equipment purchased.

In response, the Board argued that Attorney Rader did not appreciate his ethical obligation to reveal suspicious circumstances to the court until after his client discharged him in June of 1981. The Board noted Attorney Rader's testimony that in his opinion the alleged hidden assets would not have had to be disclosed to the court if no further action had been taken in the divorce proceeding. Also, Attorney Rader testified that he had noted the depreciation deduction on the partnership tax return in April or May of 1980, although the depreciation schedule supporting that deduction was not made available until June.

The referee's findings of fact are not clearly erroneous, and we therefore accept them. *Disciplinary Proceedings Against Swartwout,* 116 Wis. 2d 380, 342 N.W. 2d 406 (1984). We also accept the referee's conclu-

sions of law that Attorney Rader's conduct violated SCR 20.22(1)(b) and (c).

We agree with the Board that such misconduct warrants discipline more severe than the public reprimand recommended by the referee. Attorney Rader's affidavit disclosed not only his divorce client's confidences, but also those of another client, the farm partnership. Attorney Rader's motive for disclosing those confidences exacerbates his misconduct: he betrayed his clients' trust out of self-interest, thereby placing himself above the professional obligations attendant upon the attorney-client relationship. It is ironic that he claims to have been motivated by a professional obligation to prevent what he maintains was a fraud on the court. On the contrary, his attempts to justify his actions evince a total disregard for his professional obligations.

The Board filed a motion to strike portions of Attorney Rader's brief that were either not of record or for which no accurate references to the record were made. Notwithstanding the correctness of the Board's position, we deny that motion, having considered in this appeal only that evidence which had been admitted in the disciplinary proceeding.

IT IS ORDERED that the license of Attorney Larry W. Rader to practice law in Wisconsin is suspended for 90 days, commencing February 1, 1985.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Larry W. Rader pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $9,168.56, provided that if the costs are not paid within the time specified and absent a showing by Attorney Rader of his inability to pay those costs within that time, the license of Attorney Larry W. Rader to practice law in

Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Attorney Larry W. Rader comply with SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended or revoked.

IT IS FURTHER ORDERED that the three motions filed by Attorney Rader and the motion filed by the Board in this disciplinary proceeding are denied without costs.