IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jimmie Gene DAVISON, Attorney at Law.

Supreme Court

*No. 84–857–D. Submitted on briefs January 31, 1985.— Decided March 5, 1985.*
(Also reported in 363 N.W.2d 433.)

For the appellant, Jimmie Gene Davison, there were briefs by Jimmie Gene Davison, *pro se.*

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; complaint dismissed.*

Attorney Jimmie G. Davison appeals from the referee's recommendation that the disciplinary proceeding be dismissed and the matter remanded to the Board of Attorneys Professional Responsibility (Board) for the imposition of a private reprimand for his failure to keep a federal judge informed of his inability to proceed to trial due to health and financial problems and for his failure to promptly request to withdraw as counsel in the matter. Because the referee determined that Attorney Davison's neglect of his clients' legal matter did not rise to the level of professional misconduct and that Attorney Davison did not fail to carry out a contract of employment with his clients nor fail to seek their legal objectives, as the Board had alleged, we determine that Attorney Davison's conduct in the matter does not warrant the imposition of discipline, and we dismiss the Board's complaint.

Attorney Davison was admitted to practice law in Wisconsin in 1976, and he practices in Milwaukee. He has not previously been disciplined for unprofessional conduct. Early in 1980, he met with the Organization for Justice and Human Rights (OJHR) to discuss overcrowding conditions at Waupun State Prison. He agreed to bring an action for injunctive relief on behalf of certain inmates and others similarly situated, including The Lifer's Group, a group of Waupun inmates sentenced to life imprisonment. He undertook the representation without compensation. On May 27, 1980, he filed an action in U.S. District Court for the Western District of Wisconsin.

Soon after undertaking the representation, Attorney Davison became ill and recommended to OJHR that At-

torney Emma Miller take over the representation. At-
torney Miller had been working with him on the case,
and she agreed to do so. She gave Attorney Davison
a substitution of counsel form, which he signed, but she
never filed that form with the court. Attorney Miller
subsequently left the state and took the clients' file with
her without informing Attorney Davison or her clients
that she was doing so. Attorney Davison later learned
that Attorney Miller misplaced the file, and it had to be
reconstructed from court documents and other sources.

Five days before a scheduled pretrial conference, At-
torney Davison submitted a brief pretrial report request-
ing two and one-half months to complete discovery and
four months to prepare for trial. At the conference on
May 20, 1982, the court directed all discovery to be com-
pleted by August 1, 1982, scheduled a final pretrial con-
ference for August 11 and set the trial for September 1,
1982. In June, Attorney Davison submitted a witness
list containing the names of more than 60 persons, and
he was served with interrogatories by the defendant but
did not answer them.

After two postponements, the final pretrial confer-
ence was scheduled for August 19, 1982. On August 13,
1982, Attorney Davison wrote to representatives of The
Lifer's Group stating there was a great deal of work
to be done in preparing the case and that his firm did
not have the resources to continue their representation.
He suggested the case be rescheduled to allow them to
obtain other counsel financially able to pursue their
claim, and he stated that he would appear before the
court at the final pretrial conference and request per-
mission to withdraw. At that conference, Attorney Davi-
son told the court that he was not prepared to represent
the plaintiffs and requested permission to withdraw as
their counsel. The court denied his request, insisting
that the matter proceed to trial on September 1, 1982.

For a long time prior to the trial date, Attorney Davison had been suffering from glaucoma and a nervous condition which resulted in total hair loss. In addition, he was involved in a serious automobile accident on August 25, 1982 and was hospitalized as a result of injuries sustained in that accident. He was taking medication during the relevant period, the side effects of which included anorexia, weight loss, lassitude and depression.

At the time set for trial, there was a case under submission in the U.S. District Court for the Eastern District of Wisconsin presenting substantially the same issues as those in the action commenced by Attorney Davison, and for all practical purposes, the decision ultimately reached in that case would have rendered Attorney Davison's action moot.

In response to Attorney Davison's first request to withdraw as counsel, the court gave him four alternatives: continue representing his clients, have someone from his office do so, obtain outside counsel, or advise his clients and provide them sufficient information so they could proceed *pro se*. Attorney Davison responded that none of the alternatives were acceptable: (1) his health and lack of financial resources prevented his continuing the representation; (2) the other two attorneys in his office had no experience in the matter and were unfamiliar with the file; (3) he could find no other attorney to take the case without compensation; (4) the action had become moot as to those individually-named plaintiffs no longer incarcerated at Waupun, and the individually-named plaintiffs had told the court on August 19, 1982 that they were not able to proceed on their own behalf and requested time to seek new counsel. On September 1, 1982, after discussing the matter with his clients, Attorney Davison moved for dismissal of the action without prejudice, and his motion was granted.

The complaint filed by the Board in this matter alleged that Attorney Davison neglected his clients' legal matter by failing to prepare for trial, acted in the matter without having the necessary preparation to do so, failed to carry out his contract of employment with them, and, by having the action dismissed without prejudice, failed to seek their lawful objectives. The referee, Attorney Rudolph P. Regez, determined that Attorney Davison did not fail to carry out his contract of employment or fail to seek his clients' objectives and that his neglect of the matter did not constitute unprofessional conduct, although he noted that Attorney Davison's failure to timely prepare the case "undoubtedly" constituted malpractice. Citing *Disciplinary Proceedings Against Swartwout*, 116 Wis. 2d 380, 342 N.W.2d 406 (1984), the referee noted that every act of malpractice does not constitute unprofessional conduct rendering the attorney subject to discipline. The referee also noted that in *Swartwout* a public reprimand was imposed as discipline for conduct much more aggravated than Attorney Davison's.

The referee observed that the statute of limitations did not bar further action by Attorney Davison's clients, and he also noted that the same facts had been adequately tried in the case pending before the U.S. District Court for the Eastern District of Wisconsin. The referee cited Board counsel's statements concerning Attorney Davison's good character, lack of any prior misconduct, full cooperation with the Board and the district professional responsibility committee in their investigation of the grievance against him, and the fact that Attorney Davison was guilty of no deceitful conduct. The referee recommended that the disciplinary complaint be dismissed and the cause remanded to the Board for the imposition of a private reprimand and that no costs be imposed.

In his appeal from the referee's recommendation, Attorney Davison took the position that the facts found by the referee and the conclusions made on the basis of those facts do not support the imposition of the recommended private reprimand or any discipline. We agree. The referee found no violation of the Code of Attorneys Professional Responsibility, SCR chapter 20, even though the referee did conclude that Attorney Davison was neglectful in failing to keep the court advised of his physical condition as it adversely affected his ability to represent his clients. The referee further found, based on the testimony of several witnesses at the disciplinary hearing, that The Lifer's Group had been informed of the change of attorneys necessitated by Attorney Davison's ill health and that they agreed to it.

The Board argued that, in addition to failing to keep the judge informed of his ill health, Attorney Davision withheld knowledge of his physical condition from his clients until the date of trial was imminent. However, that argument is not supported by the referee's findings. The same is true with respect to the Board's contention that Attorney Davison's clients were "put to an extreme disadvantage at the last moment." The referee specifically found that the identical issues were under submission in another court and that a decision in that case would render Attorney Davison's action moot.

The Board argued that by recommending dismissal of the complaint and remand to the Board for the imposition of a private reprimand, the referee implicitly concluded that Attorney Davison did violate a rule of ethics. It stressed that the referee, experienced in disciplinary matters, was "well aware that this Court consistently has held that neglect of a client's legal matters by an attorney is grounds for a disciplinary sanction." While we acknowledge an inconsistency between the referee's conclusion that Attorney Davison's neglect of

his clients' case did not amount to unprofessional conduct and his recommendation for the imposition of a private reprimand by the Board, the referee specifically concluded that Attorney Davison's conduct did not constitute professional misconduct, and therefore Attorney Davison is not subject to discipline.[1]

IT IS ORDERED that the complaint in this disciplinary proceeding is dismissed.

ABRAHAMSON, J., did not participate.

[1] "SCR 21.05 Grounds for discipline. An attorney is subject to discipline for misconduct. Misconduct is conduct that violates:

(1) A criminal statute if the violation involves moral turpitude.

(2) A statute, court rule or court order regulating the conduct of attorneys, including SCR 11.01.

(3) The attorney's oath.

(4) The code of professional responsibility under SCR chapter 20.

(5) A standard of professional conduct as defined by the supreme court by rule, order or decision."