The PEOPLE of the State of Colorado, Complainant,

v.

Michael Dean MULLISON, Attorney–Respondent.

No. 92SA25.

Supreme Court of Colorado, En Banc.

April 27, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Fisher Howard & Francis, Gene E. Fischer, Fort Collins, for attorney-respondent.

PER CURIAM.

In this attorney disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent be disbarred, ordered to pay restitution, and assessed the costs of the proceedings. We accept the panel's recommendation.

I.

The respondent was admitted to the bar of this court on November 1, 1985, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). On October 26, 1989, we suspended the respondent from the practice of law during the pendency of these proceedings. C.R.C.P. 241.8.

The respondent and the assistant disciplinary counsel submitted an unconditional stipulation of facts to the hearing board. Neither the facts nor the specific violations of the Code of Professional Responsibility were in dispute. The hearing before the board was therefore limited to the appropriate discipline for the stipulated misconduct. On the day of the hearing, the respondent's attorney filed a waiver of right to appear and present evidence in mitigation, and the respondent did not appear at the hearing. After the hearing had been held, the respondent submitted an unverified "letter of mitigation." The letter of mitigation was not admitted into evidence, however, because the board found that it contained hearsay.[1] Based upon the stipulation, the board found that the following facts were established by clear and convincing evidence.

On January 11, 1989, the respondent pleaded guilty in the State of Washington to attempted theft in the second degree, a misdemeanor, for directing a legal aid

---

1. In the proceeding before the hearing panel, the respondent objected to certain findings of the board arising from the board's failure to consider this letter of mitigation. The respondent has not, however, excepted to the action taken by the panel or the panel's recommendation that he be disbarred and ordered to pay restitution. Moreover, we have examined the letter of mitigation and conclude that any error in not considering the letter was harmless.

client to pay him $1,000 and converting the money to his own use. Attempted theft is a "serious crime" as defined under C.R.C.P. 241.16(e)(2).

The respondent accepted $234 for fees and costs from his client, Kathy Rush, to file a petition for dissolution of marriage on her behalf. The respondent converted the fees and costs to his own use and never filed the petition. When Rush requested a copy of her divorce decree, the respondent forged what purported to be a copy of the decree. In 1989 or 1990, the respondent pleaded guilty in Boulder County District Court to second degree forgery, a class four felony, a "serious crime" under C.R.C.P. 241.16(e).

In May 1989, the respondent was retained by George H. Murphy to file a personal bankruptcy on Murphy's behalf. Murphy paid the respondent $340 for attorney's fees and filing costs. The respondent never filed the bankruptcy petition, although he told Murphy's spouse that the petition had been filed and that a court date in August 1989 had been obtained. In August, the respondent falsely told Murphy that the court date was in September 1989. In September, the respondent told Murphy the court date was set for October 1989. In 1989, the respondent pleaded guilty to felony theft, a "serious crime" under C.R.C.P. 241.16(e), for taking Murphy's money and failing to perform the agreed-upon legal services.

The hearing board also found, pursuant to the parties' stipulation, that in eleven separate instances in 1989 the respondent failed to perform legal services while accepting and retaining payment for those services:

a. In May 1989, Respondent accepted $234.00 in fees and costs to file a dissolution of marriage. Respondent failed to file a divorce petition, failed to refund the fee and converted the cost money to his own use. (Count II—Kathy Rush).

b. In May 1989, Respondent accepted $340.00 to file a personal bankruptcy action. Respondent failed to file the action, failed to refund any of the fee, and converted the cost money to his own use. (Count III—Sandra Wing).

c. In February 1989, Respondent accepted $290.00 in fees and costs to file a joint bankruptcy. Respondent failed to file the action, failed to refund any of the fee, and converted the cost money to his own use. (Count IV—D.M. Pierce).

d. In August 1989, Respondent accepted $334.00 in fees and costs to file a dissolution of marriage. Respondent failed to file a divorce petition, failed to refund any of the fee and converted the cost money to his own use. (Count V—Susette Beck).

e. In May 1989 Respondent accepted $284.00 in fees and costs to file a dissolution of marriage. Respondent failed to file a divorce petition, and failed to proceed with service of the petition. Respondent failed to refund any of the fee and converted the cost money to his own use. (Count VI—Jack D. Srader).

f. In September 1989 Respondent accepted $50.00 to provide complainant's former husband's employer with a notice of activation of wage assignment. Respondent failed to file the wage assignment and failed to return the $50.00. (Count VII—Cynthia A. Richardson).

g. In May 1989, Respondent accepted $340.00 to file a personal bankruptcy action. Respondent failed to file the bankruptcy, failed to refund the fee, and converted the cost money to his own use. (Count VIII—George H. Murphy).

h. In August 1989, Respondent accepted $280.00 in fees and costs to file a paternity and child-support action. Respondent failed to file the action, failed to return the fee, and converted the money to his own use. (Count IX—Julie Frodin).

i. In or about August 1989 Respondent accepted $346.00 in fees and costs to file a personal bankruptcy action. Respondent failed to file the action, failed to refund any of the fee, and converted the cost money to his own use. (Count X—Debbie J. Krueger).

j. In April 1989 Respondent accepted $340.00 in fees and costs to file a person-

al bankruptcy. Respondent failed to file the bankruptcy petition, failed to refund any of the fee, and converted the cost money to his own use. (Count XI—Robert D. Hedges).

k. In June 1989, Respondent accepted $284.00 in fees and costs to file a dissolution of marriage. Respondent failed to file the divorce petition, failed to refund any of the fee, and converted the cost money to his own use. (Count XII—Allen E. Wagner).

Findings of Fact and Recommendations of the Hearing Board at 3–5. The respondent stipulated that he used and was addicted to cocaine during the time period relevant to these proceedings.

## II.

The respondent admitted, and we agree, that his conduct violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude); DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 2–110(A)(3) (a lawyer who withdraws from employment shall refund promptly any unearned attorney's fees); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); DR 7–102(A)(8) (in representing a client, a lawyer shall not knowingly engage in illegal conduct or conduct contrary to a disciplinary rule); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other proper-

ties in the possession of the lawyer which the client is entitled to receive). The respondent also violated numerous provisions of the Colorado Rules of Procedure Regarding Lawyer Discipline. *See* C.R.C.P. 241.6(2), (3), (5); 241.16(b); 241.21(b)–(d), (g).

## III.

Neither the assistant disciplinary counsel nor the respondent has excepted to the panel's recommendation that the respondent be disbarred and ordered to pay restitution and costs. We find that at least three of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*) apply in this case. In the absence of aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *ABA Standards* 4.11. Further, "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." *Id.* at 4.61. Finally, disbarment is warranted when:

>   (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft ... or

>   (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

*Id.* at 5.11. We have examined the factors in aggravation found by the hearing board. We have also considered the factors contained in the respondent's letter of mitigation. We view the respondent's illegal drug use as an aggravating rather than as a mitigating factor. *Compare In re Stein,* 97 N.J. 550, 565, 483 A.2d 109, 117 (1984) (lawyer's use of and addition to cocaine and amphetamines at the time of misconduct should be considered an aggravating factor

385

because the lawyer committed a crime by illegally acquiring controlled substances) *with In re Johnson,* 322 N.W.2d 616 (Minn. 1982) (setting forth five-part test which lawyer must meet in order for that lawyer's alcoholism, which caused the lawyer's misconduct, to be considered in mitigation). *People v. Margolin,* 820 P.2d 347, 349 (Colo.1991). Moreover,

> restitution of funds that the lawyer has misappropriated from a client is not a significant factor in mitigation. *See In re Wilson,* 81 N.J. 451, 457–61, 409 A.2d 1153, 1156–57 (1979). In addition, restitution that is forced or compelled following discovery of the lawyer's wrongdoing should not be considered a mitigating factor at all. *See ABA Standards* 9.4(a) (forced or compelled restitution should not be considered as either aggravating or mitigating).

*Margolin,* 820 P.2d at 350. Although the respondent has no prior history of discipline, we find this factor insufficient to call for a sanction less than disbarment.

### IV.

Accordingly, it is hereby ordered that Michael Dean Mullison be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that the respondent pay the costs of these proceedings in the amount of $428.09 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to any application for readmission, the respondent make restitution in full to the persons and in the amounts set forth in the Findings of Fact and Recommendations of the Hearing Board at pages 11–12.